368 So.2d 454 (1979)
Robert L. KENNEDY, Jr., As Director of the Division of Retirement, Appellant,
v.
Ruby N. WIGGINS and the Retirement Commission of the State of Florida, Appellees.
No. KK-347.
District Court of Appeal of Florida, First District.
March 14, 1979.
Stephen S. Mathues, Asst. Division Atty., Tallahassee, for appellant.
Frank Henry Molica, P.A., Merritt Island, for appellee Ruby N. Wiggins.
Arthur R. Shell, Jr., Tallahassee, for appellee Retirement Commission.
PER CURIAM.
The Director of the Division of Retirement appeals the State Retirement Commission's award of regular disability retirement benefits to Wiggins; Wiggins cross-appeals the order denying her "in-line-of-duty" disability retirement benefits as defined in Section 121.021(13), Florida Statutes (1977). We affirm on both points.
*455 The record reveals that Wiggins, a cafeteria worker in the Brevard County School System, sustained an injury to her back at work in May, 1974. After several hospitalizations, she attempted to return to work in 1975 but, unable to continue, quit within months. She subsequently applied for in-line-of duty disability retirement benefits under Section 121.091(4).
The Director denied her claim, finding her ineligible for any disability retirement benefits because she had not provided certification of total and permanent disability from two licensed state physicians as required in Section 121.091(4)(c).[1]
Wiggins appealed to the Florida Retirement Commission and presented testimony and medical evidence that she was no longer able to engage in any activity involving her back. It was also established that she suffered from a vascular/arterial disorder, not related to the back injury, which had afflicted her after the cafeteria accident. Finally there was deposition testimony by an expert vocational witness, who concluded that based upon Wiggins' lack of education, previous menial work experience, and physical limitations, she was not employable in the Brevard County area.
On this record, the commission found that Wiggins was not qualified for in-line-of duty disability retirement but had sufficiently proven total and permanent disability so as to entitle her to benefits under Section 121.091(4)(b). The Director appealed, again citing Section 121.091(4)(c) and claiming that the commission had no authority to award disability retirement benefits in the absence of disability certification by two licensed state physicians.
Wiggins and the commission concede here that under the terms of the statute, the administrator cannot approve disability retirement benefits without certification. They argue, however, that the commission is not so precluded. After studying the apparent statutory scheme, we concur with appellees' position.
The legislature in Chapter 75-248, Laws of Florida (1975) created the Florida Retirement Commission as the agency head to hear appeals from decisions of the administrator in matters relating to disability retirement. In Section 121.23(2)(a), the commission was given broad authority in its delegated area, including the power to "order any action that it deems appropriate." Section 121.23(2)(a) was enacted after Section 121.091(4)(b), which had made the decisions of the administrator on these questions "final and binding."
The commission argues persuasively that its statutory authority would be meaningless if it were limited to simply rubberstamping the administrator's ministerial act of disapproving benefits to claimants incapable of submitting the necessary certification forms. In addition the commission asserts that in the exercise of its discretion, it has held consistently that certain claimants, because of limited intellectual ability and learning skills coupled with functional disability, are in fact "totally and permanently disabled" within the meaning of the statute.
Our role as an appellate court is to determine whether the commission has failed to provide a fair hearing, has not ruled in accordance with existing statutes or rules, or has not based its decision on substantial evidence. We are specifically prohibited from substituting our judgment for that of the commission "on an issue of discretion." Section 121.23(4).
*456 Considering these standards, we conclude that the commission has not exceeded its statutory authority in granting regular disability benefits to Wiggins, and that its decision is based on substantial evidence. The apparent purpose of Section 121.091(4)(c) is to provide the administrator with guidelines in its decisions regarding benefits, and to furnish a ready means of obtaining benefits to claimants with obvious, certifiable "permanent and total disability." The harder cases, like that of Wiggins, are left to the commission to determine on the basis of substantial evidence.
There was substantial evidence here that Wiggins was physically precluded from employment for which she was vocationally qualified.
We therefore affirm the order in its entirety, finding no error in the commission's exercise of discretion. We have considered Wiggins' cross-appeal and find it to be without merit in view of the evidence linking her disability with the post-employment vascular disorder.
AFFIRMED.
McCORD, C.J., and MELVIN and BOOTH, JJ., concur.
NOTES
[1] Section 121.091(4)(b) and (c) provide:

(b) Total and permanent disability.  A member shall be considered totally and permanently disabled if, in the opinion of the administrator, he is prevented, by reason of a medically determinable physical or mental impairment, from rendering useful and efficient service as an officer or employee. The decision of the administrator on these questions shall be final and binding.
(c) Proof of disability.  The administrator, before approving payment of any disability retirement benefit, shall require proof that the member is totally and permanently disabled as provided herein, which proof shall include the certification of the member's total and permanent disability by two licensed physicians of the state and such other evidence of disability as the administrator may require.