SHIVERS, Judge.
This is a case of entitlement to an ordinary disability retirement. Robert E. Brantley appeals from adverse decision of the Florida Retirement Commission, which ruled that he was not entitled to disability retirement pursuant to § 121.091(4)(f), Fla. Stat. in that he was not disabled as of the date of his termination. We remand for a new hearing.
Appellant was employed with Metro-Dade County and Dade County Board of Public Education. He had accumulated 19.7 years of creditable service in the Florida Retirement System. Although a “good worker” in the past, he was terminated as a result of “failing health” by the school system, and for absenteeism due to “illness” by Metro-Dade County. The date of termination was April 20, 1981.
In March and May of that year, he applied for disability benefits citing a variety of somatic ills, including chest and leg pain, fatigue, and lack of energy. In May of 1982, he began to see Dr. Gonzalez, a psychiatrist, who diagnosed Mr. Brantley as suffering from chronic, undifferentiated schizophrenia.
Armed with this information, he applied to the State Retirement Commission. The Division of Retirement had Appellant Brantley evaluated by Dr. Halpern, an internist, who found appellant to be physically, perfectly normal, and that from the medical standpoint, he would not give Brantley any degree of disability at all. The Commission adopted the findings of Dr. Halpern as the findings of the Commission. Although the Commission made reference to the testimony of Dr. Gonzalez, it made no note that on May 21, 1982, Dr. Halpern wrote the Division of Retirement about appellant:
He is currently under the care of a psychiatrist who would be in a better position to determine how disabling his mental aberrations would be. In my opinion, it is only in that area that he would be totally and permanently disabled from rendering useful and efficient service as an officer or employee.
Dr. Gonzalez, appellant’s psychiatrist, testified that the onset of a condition such as appellant’s may be insidious and generally begins in a person’s twenties or thirties. Mr. Brantley was 42. His supervisors and co-workers testified that his actions at work had changed in the year prior to his termination. He would say things and when questioned about it would deny speaking. He would start to speak and not finish and would say things out of the ordinary. He would talk to himself. He would not eat and began to lose weight. Dr. Gonzalez was of the opinion that at present Mr. Brantley was totally disabled.
This court’s standard of review is limited by § 121.23(4), Fla.Stat. (1983). Kennedy v. Wiggins, 368 So.2d 454 (Fla. 1st DCA 1979). The function of this court is not to substitute its judgment or discretion for that of the Commission, nor weigh the evidence on a disputed finding of fact where there is substantial evidence.
In this case, however, we find that the decision was not based on substantial evidence and must therefore reverse.
Appellant’s contention and proof are that he is disabled as a result of chronic undifferentiated schizophrenia, which had its onset prior to the appellant’s termination date. The Board appeared to scantly consider the testimony of the treating psychiatrist, Dr. Gonzalez, to whom Dr. Halpern, the medical doctor, deferred in regard to the appellant’s mental condition.
We therefore hold the action of the Commission was not based on substantial evidence, and remand for a new hearing.
BOOTH and ZEHMER, JJ., concur.