Mr. Clifford M. Cail Chairman State Retirement Commission Room 530 Carlton Building Tallahassee, Florida 32301
Dear Mr. Cail:
This is in response to your request for an opinion on substantially the following questions:
 1. DOES THE TERM "REEXAMINATIONS" IN s 121.091(4)(e) MEAN REEXAMINATIONS BY PHYSICIANS LICENSED IN THIS STATE?
 2. MUST THE ADMINISTRATOR HAVE THE CERTIFICATION OF A LICENSED PHYSICIAN OF THE STATE THAT A MEMBER RECEIVING DISABILITY BENEFITS IS NO LONGER TOTALLY AND PERMANENTLY DISABLED IN ORDER TO MAKE THAT SAME FINDING UNDER s 121.091(4)(e)1., F.S.?
Your inquiry notes that s 121.23, F.S., gives the State Retirement Commission authority to hold s 120.57(1) hearings at the request of a member of the Florida Retirement System who wishes to challenge a decision of the administrator (Director of the Division of Retirement, see, s 121.021[5], F.S. [1984 Supp.] that the member is no longer eligible to receive the disability retirement benefit provided by s 121.091(4), F.S. (1984 Supp.).
For this reason, the commission has asked for this office's interpretation of s 121.091(4)(e), in regard to the questions set forth above. Your letter of inquiry further explains that in view of Amico v. Division of Retirement, Department of Administration,352 So.2d 556, (1 D.C.A.Fla., 1977), the Division of Retirement [the administrator] has the burden of proof in reexamination proceedings before the commission, and that the commission needs to know if this burden of proof must include the certification of a licensed physician of the state to the effect that the member who is receiving disability benefits is no longer totally and permanently disabled.
QUESTION ONE
Section 121.091(4), F.S., provides for payment of "disability retirement benefits" to certain members of the Florida Retirement System. See, paragraph (4)(a) of s 121.091, specifying eligibility for such benefits.
Paragraph (4)(b) of that section describes the circumstances under which a member shall be considered totally and permanently disabled, providing:
 Total and permanent disability. — A member shall be considered totally and permanently disabled if, in the opinion of the administrator, he is prevented, by reason of a medically determinable physical or mental impairment, from rendering useful and efficient service as an officer or employee. The decision of the administrator on these questions shall be final and binding. (e.s.)
Paragraph (4)(c) describes the proof of disability that is required before such a member can begin receiving disability retirement benefits providing:
 Proof of disability. — The administrator, before approving payment of any disability retirement benefit, shall require proof that the member is totally and permanently disabled as provided herein, which proof shall include the certification of the member's total and permanent disability by two licensed physicians of the state and such other evidence of disability as the administrator may require. (e.s.)
See, Kennedy v. Wiggins, 368 So.2d 454, 456 (1 D.C.A.Fla., 1979), stating that the apparent purpose of s 121.091(4)(c) is to provide the administrator with guidelines for its decisions regarding benefits. Paragraph (4)(e) treats recovery from disability and the administrator's authority to require periodic reexaminations at the expense of the retirement fund and subparagraph (c)1. treats his power to direct discontinuation of benefits:
 (e) Recovery from disability. — The administrator may require periodic reexaminations at the expense of the retirement fund, and:
 1. If the administrator finds that a member who is receiving disability benefits is, at any time prior to his normal retirement date, no longer disabled, the administrator shall direct that the benefits be discontinued. (e.s.)
You inquire whether the term "reexaminations" in s 121.091(4)(e) means reexaminations by physicians licensed in this state. For the following reasons, it is my opinion that the term "reexaminations" in s 121.091(4)(e), F.S., means an administrative review or inquiry into the issue of recovery from disability, which review may include a physician's examination.
Section 121.091 does not define the term "reexamination" or otherwise specify what is included therein, nor is the term "examination" or "reexamination" used elsewhere in that statute. Cf., s 121.091(4)(a)-(c), setting forth guidelines for the administrator for approving or granting disability benefits. An examination of the enabling legislation, Ch. 70-112, Laws of Florida, does not provide any clear direction in determining the Legislature's intent. In the absence of any statutory direction or judicial precedents this office cannot limit the interpretation of the term "reexamination" to reexamination by a physician licensed in the State of Florida. Compare, s 121.091(4)(c) stating that the proof of disability shall include the certification of the member's total and permanent disability by two licensed physicians of the state. See, Black's Law Dictionary Examination p. 664 (4th rev. ed. 1968) (an investigation, search, interrogatory). However, it does appear that a reexamination by a physician licensed in this state may be a part of or included as part of the administrator's review or reexamination of an individual's disability. See, s 121.091(4)(b) stating that a member shall be considered to be totally and permanently disabled if he is prevented by reason of a medically determinable physical or mental impairment from rendering useful and efficient service as an employee or officer, and s 121.091(4)(c), supra, requiring certification of disability by two licensed physicians of the state for the administrator's initial determination of disability. The foregoing provisions indicate the importance of a medical examination in determining disability or the recovery from disability. See, Amico v. Division of Retirement, Department of Administration, supra. Additionally, Rule 22B-4.07(8), F.A.C. (adopted pursuant to, inter alia, ss 121.091[4] and 121.23, F.S.), provides that the Division of Retirement "may conduct periodic reexaminations of members" granted disability status pursuant to Ch. 121, in order to determine if such members continue to be disabled. (e.s.) That rule sets forth detailed procedures governing "disability reexamination cases," with subsection (8)(a) providing for the disabled member to complete and return to the Division a "Physician's Report of Reexamination" *2691 to be completed by the member's physician. Thus, the Division has interpreted the term in question to mean a periodic administrative review or inquiry and not solely a physician's examination of the member. This rule must be regarded by our office as presumptively valid. As an administrative construction of the statute by the agency charged with its enforcement and interpretation and authorized to make reasonable rules and regulations thereunder, the Division's interpretation is entitled to deference and is presumed to be valid and is accorded considerable weight, unless it is shown to be clearly erroneous or unauthorized and contrary to the intent of the statute before a court of competent jurisdiction. Attorney General Opinion 77-64, citing State ex rel. Szabo Food Services, Inc. of North Carolina v. Dickinson,286 So.2d 529 (Fla. 1974); State ex rel. Bennett v. Lee, 166 So. 565
(Fla. 1936).
QUESTION TWO
Your second question asks whether the administrator must have the certification of a licensed physician of the state that a member receiving disability benefits is no longer totally and permanently disabled in order to make that same finding under s121.091(4)(e)1., F.S. (1984 Supp.).
Section 121.091(4)(e) does not impose such a requirement; nothing in that paragraph requires that the administrator base a finding of recovery from disability on a physician's certification. Contrast paragraph (c) requiring certification from two physicians in this state in order for the administrator to make a determination of disability and see, Kennedy v. Wiggins, supra, concluding that the commission was not precluded from approving disability retirement benefits in absence of such certification. However, the administrator may require such examinations under the authority granted by paragraph (e). See also, Rule 22B-4.07(8)(a) and the discussion of it contained in the answer to question one. Moreover, paragraphs (b), (c) and (e) indicate that a physician's certification is an important aspect of proving either disability or the recovery from disability. See, Amico v. Division of Retirement, Department of Administration, supra (medical exam used as part of prima facie case showing recovery from disability); see also, Moore v. State, 368 So.2d 664 (1 D.C.A.Fla., 1979). Accordingly, it is my opinion that the administrator is not required to obtain the certification of a licensed physician of the state that a member receiving disability benefits is no longer totally and permanently disabled in order to make that same finding under s 121.091(4)(e)1., but that he may require such examinations.
You also ask if the administrator's burden of proof before the commission on the issue of recovery from disability must include the above-described certification. Section 121.23, F.S., sets forth procedural guidelines for such proceedings before the commission, but nothing in that section prescribes the elements of the burden of proof or grants to the commission any power to dictate what such proof must include. Additionally, neither s121.23 nor s 121.091(4) empowers the commission to limit such proceedings to those cases where a medical certification has been obtained and presented.
In summary, until legislatively or judicially determined otherwise, it is my opinion that (1) the term "reexaminations" in s 121.091(4)(e), F.S., means a periodic administrative review conducted by the Division of Retirement into the issue of recovery from disability, which review may include a physician's examination; (2) the administrator (of the Florida Retirement System) is not required to obtain the certification of a licensed physician of the state that a member receiving disability benefits is no longer totally and permanently disabled in order to make that same finding under s 121.091(4)(e)1.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General