SMITH, Judge.
Appellant challenges a final order of the State Retirement Commission denying her claim for disability retirement benefits. We reverse.
Betty Drew, a member of the Florida Retirement System for more than ten years, was working as a permanent substitute teacher in Monroe County in September of 1980 when she sustained an injury during a school-sponsored field trip to a skating rink. Because this injury apparently precluded continued work as a substitute teacher, she commenced part-time work as an aide in the library. In June 1990, this part-time job was eliminated for budgetary reasons. In January of 1991, appellant suffered a stroke which has been linked, by medical evidence, to her arterial hypertension. Appellant produced evidence establishing that the hypertension was in existence before her separation from employment.
In the spring of 1991, appellant filed her claim for disability benefits. The state retirement director advised appellant by a letter of intent that her claim for disability was being denied. A letter of final intent was later issued advising appellant of her right to a hearing before the State Retirement Commission. Appellant did seek a hearing with the Commission, during which she was represented by counsel. The Commission ruled that it would not receive evidence regarding appellant’s stroke inasmuch as this occurred after her separation from employment and was therefore irrelevant for their purposes. Accordingly, the Commission issued a final order affirming the denial of disability benefits. Although the first line of this order refers only to “in line of duty” benefits,[1] both parties to this appeal agree that the hearing before the Commission concerned appellant’s entitlement to both in line-of-duty disability benefits and what has been described as “regular” disability benefits. The Commission determined, although not unanimously, that appellant did not statutorily qualify for the benefits she sought.
On appeal, appellant argues that the Commission erred in excluding the evidence regarding her stroke, inasmuch as the stroke is the result of hypertension which was experienced by appellant as a state worker. Appellant maintains that she is entitled to benefits because she is not able to perform useful and efficient service, and she therefore meets the statutory prerequisite for disability benefits under section 121.091(4)(b).
Section 121.091(4)(a), Florida Statutes, provides that after a certain number of years of service, “a member who becomes totally and permanently disabled” shall be entitled to disability retirement, benefits.[2] However, pursuant to section 121.091(4)(f), a member shall not be entitled to receive “any disability retirement benefit” if the disability is the result of, among other things, “injury or disease sustained by the member after his employment has terminated.” The position of the Commission, below and on appeal, is that because appellant was capable of rendering useful and efficient service at the time of her separation from employment, she fails to satisfy the statutory criteria for disability benefits.
Although we concede that an agency charged with implementing the statute is to be given deference in its interpretation of the statute, Public Employees Relations Comm. v. Dade County Police Benevolent Association, 467 So.2d 987 (Fla.1985), we cannot agree with the Commission’s construction of the statute. The statute does not support the Commission’s argument that appellant’s ability to perform useful and efficient service *1192 at the time of her separation of employment, which separation was caused by budgetary reasons, precludes entitlement to disability retirement benefits for a disability which manifests itself after separation from employment.
Section 121.091(4)(b) provides that a
member shall be considered totally and permanently disabled if, in the opinion of the administrator, he is prevented, by reason of a medically determinable physical or mental impairment, from rendering useful and efficient service as an officer or employee.
As noted, section 121.091(4)(a) provides that a member who becomes totally and permanently disabled, as defined in paragraph (b), is entitled to a disability benefit. There is no requirement in this statutory scheme that the member of the retirement system be presently employed at the time he or she becomes permanently and totally disabled. See, Brantley v. Division of Retirement, 463 So.2d 1222 (Fla. 1st DCA 1985). Whether or not appellant’s disability was caused by an injury or disease sustained by her during her employment is a factual issue to be determined from all the evidence, and it was therefore reversible error for the Commission to refuse to consider the medical evidence concerning appellant’s stroke and its connection with her pre-termination condition. We therefore find that the Commission erred in refusing to consider evidence pertinent to her claim for regular, as opposed to in line of duty, disability benefits.
Accordingly, the order under review is REVERSED and the cause is REMANDED for proceedings consistent with this opinion.
ALLEN and DAVIS, JJ., concur.

. Section 121.021(13) defines "disability in line of duly" as “an injury or illness arising out of and in the actual performance of duty required by a member’s employment during his regularly scheduled working hours or irregular working hours as required by the employer."

. Section 121,021(12) defines “member" of the State Retirement System as “any officer or employee who is covered or becomes covered under the system in accordance with this Chapter.” There is no argument on appeal that the appellant has not been, at all relevant times, a member of the Florida Retirement System.