SMITH, Judge.
Ronnie Walker, a deputy sheriff employed by Leon County, was killed in a collision while driving his car home after completing his duty shift. The facts are as stated in Walker v. Life Ins. Co. of North America, 359 So.2d 471 (Fla. 1st DCA 1978). The widow’s claim for “in line of duty” death benefits under the Florida retirement law was denied by a Division of Retirement order reaching a different conclusion on facts found by a hearing officer of the Division of Administrative Hearings. The widow seeks reversal of the agency order.
We agree with the Division that Deputy Walker’s death did not occur “in line of duty.” That phrase is defined for present purposes by Section 121.021(14), Florida Statutes (1977), as follows:
“Death in line of duty” means death arising out of and in the actual performance of duty required by a member’s employment during his regularly scheduled working hours or irregular working hours as required by the employer.”
We previously noted a similarity in the causative test employed in the workmen’s compensation law, Chapter 440, and in the retirement law. Bolinger v. Division of Retirement, 335 So.2d 568 (Fla. 1st DCA 1976). In Bolinger the principal issue was whether the retiree’s injury could be characterized as “arising out of” her employment, a causative test adopted from the workmen’s compensation law. Bolinger’s injury undoubtedly occurred “in the actual performance” of her duty, and there was no issue concerning that. Here that is the critical question. While “in the actual performance of duty,” like “in the course of employment,” is a test concerned with the time, place, and circumstances in which the injury or death occurred, those two tests are not identical. We do not conceive that the phrase “in the actual performance of duty” can reasonably be read to embrace the policeman’s exception to going and coming rule, established by decisions under the workmen’s compensation law. E. g., Warg v. City of Miami Springs, 249 So.2d 3 (Fla.1971).
AFFIRMED.
BOYER, Acting C. J., and BOOTH, J., concur.