386 So.2d 824 (1980)
DIVISION OF RETIREMENT, Appellant,
v.
Shannon E. PUTNAM and State Retirement Commission, Appellees.
No. PP-375.
District Court of Appeal of Florida, First District.
August 4, 1980.
Stephen S. Mathues and Kathleen Villacorta, Tallahassee, for appellant.
Michael Chielens, Jacksonville, for appellees.
ROBERT P. SMITH, Jr., Judge.
The Division of Retirement appeals from a Retirement Commission order awarding in-line-of-duty disability benefits to a 61-year-old school teacher who suffered a stroke. Substantial competent evidence shows that Putnam's hypertension was causally related to the extraordinary stress of his job as a teacher for eight years at the John E. Ford Career Center in Duval County, a school for students having a history of poor grades, truancy, and juvenile delinquency, and who were verbally and physically abusive to Putnam. We affirm the order of the Division of Retirement, recognizing as we do that Section 121.021(13), Florida Statutes (1979) embraces either an injury or an illness arising out of and in the actual performance of the duties of one's employment.
The Division of Retirement agrees that Putnam is entirely prevented by a medically determinable physical impairment from rendering further useful service in his employment. His complete disability developed after a January 1977 classroom incident in which Putnam's head was pushed against the wall and his right knee was injured by students who were resisting his efforts to escort them to the dean's office. Following knee surgery, Putnam attempted to return to his classroom duties, using a cane or crutch, and he was further abused, verbally and physically, by students. Putnam's emotional stress then increased until he left school one day dizzy and weak. He then suffered a stroke at home. Expert medical testimony confirms the causal relationship between the stroke and the extraordinary injury and tensions Putnam encountered at work.
The substantial causal relationship between Putnam's job environment and activity and his illness is sufficient to qualify him for in-line-of-duty disability benefits. A compensably disabling illness, in contrast to injury, need not suddenly occur or manifest itself in the performance of employment duties. Contrast Walker v. Division of Retirement, 360 So.2d 1291 (Fla. 1st DCA 1978), cert. den., 368 So.2d 1375 (Fla. 1979). And in contrast to the compensable injury occurring by "accident" in workers' compensation parlance, a compensably disabling illness need not be precipitated by unusual *825 strain or exertion not routine to the employee's accustomed work. Contrast Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962); Richard E. Mosca & Co., Inc. v. Mosca, 362 So.2d 1340 (Fla. 1978). Those limitations on compensable injuries in workers'compensation cases are not incorporated in Section 121.021(13), governing in-line-of-duty disability benefits.
AFFIRMED.
BOOTH, J., and WOODIE A. LILES, Associate Judge, concur.