395 So.2d 1192 (1981)
DIVISION OF RETIREMENT, Appellant,
v.
Clarence E. ALLEN, Appellee.
No. UU-188.
District Court of Appeal of Florida, First District.
March 5, 1981.
Rehearing Denied April 15, 1981.
Diane K. Kiesling, Asst. Div. Atty., Div. of Retirement, Tallahassee, for appellant.
Wayne M. Carroll, Lake Butler, for appellee.
SHIVERS, Judge.
The Division of Retirement appeals an order of the Retirement Commission awarding in-line-of-duty disability retirement benefits to appellee Allen. We affirm.
Appellee Allen, a Correctional Officer III at Florida State Prison, suffered a stroke on November 11, 1977. He retired on October 26, 1978, unable to perform his employment duties.
The Division of Retirement found appellee to be totally and permanently disabled, granted him regular disability retirement benefits but denied him in-line-of-duty benefits.
Allen appealed to the Retirement Commission the Division's denial of in-line-of-duty benefits. The Commission, after an evidentiary hearing, reversed the Division's determination and found appellee to be "totally and permanently disabled as a result of the mental and physical effects of the stroke he suffered in November 1977" and concluded that the stroke was caused by stress from appellee's job. The Commission ordered that in-line-of-duty disability retirement benefits be granted to appellee.
The points on appeal are: (1) whether the conclusion of the Commission that appellee is entitled to in-line-of-duty disability retirement benefits is based on competent, substantial evidence, and (2) whether appellee was entitled to benefits in light of Section 121.021(13), Fla. Stat.
As to Point One, there is competent, substantial evidence to support the Commission's findings of fact that appellee is permanently and totally disabled as a result of the mental and physical effects of the November 1977 stroke and that the stroke was caused by his job as Correctional Officer at Florida State Prison.
*1193 Three correctional officers testified that the conditions at Florida State Prison, the State's maximum security prison, produced more job stress than is found in other correctional facilities in Florida. An officer who worked at the same position as claimant testified that the job as shift-to-shift supervisor was highly stressful because of frequent conflicts between inmates and the unarmed and highly outnumbered correctional officers and because most officers are inexperienced and insufficiently trained due to the high rate of employee turnover. He further testified that appellee was a conscientious worker and that he observed the stress had been "getting to" appellee prior to his stroke.
Dr. Lennon, appellee's treating psychologist, testified that studies showed that stress associated with employment at maximum security prisons leads to stress over and above that of most occupations. He declared that appellee's mental disability was "directly related and caused by the stressful circumstances under which he was working at Florida State Prison."
Appellee testified that he suffered undue job stress on the day of his stroke because of the shortage of experienced help. He stated that for about two or three weeks prior to his stroke, he began to have headaches which were progressively difficult to alleviate.
Dr. Cunningham, specialist in internal medicine and neurology, testified that job stress contributed to the claimant's illness and subsequent disability and that his illness, considering appellee's personality, was a reaction to job stress. The physician further testified that appellee suffered from hypertension and that the stressful conditions of the job probably would have elevated appellee's blood pressure.
We affirm Point One.
In Point Two, appellant Division contends that the Commission, in determining what evidence is sufficient to prove causation for a Section 121.021(13) disability, is required to apply the "arising out of" test developed under workers' compensation law.
Section 121.021(13), Fla. Stat. defines disability in the line of duty as an "injury or illness arising out of and in the actual performance of duty required by a member's employment during his regularly scheduled working hours or irregular hours as required by the employer." The Commission found that the facts of this case were similar to those in Bolinger v. Division of Retirement, 335 So.2d 568 (Fla. 1st DCA 1976) where the employee suffered from a congenital condition that disabled her when aggravated by a fall at work. We held there that the Commission erred in denying Bolinger in-line-of-duty disability benefits. Here, the Commission noted that the preexisting condition was physical in Bolinger and that the appellee's preexisting condition was a mental and physical inability to cope with stress.
The Division argues that Bolinger requires that the "arising out of" language in Section 121.021(13) should be construed the same as the "arising out of" language in Section 440.09(1) of the Workers' Compensation Law and that Richard E. Mosca & Co., Inc. v. Mosca, 362 So.2d 1340 (Fla. 1978) provides the proper standard for determining whether there was a causal connection between appellee's stroke and his employment. We disagree.
Mosca was a workers' compensation case. There the court stated that before the claimant's ruptured aneurysm could qualify as an accident arising out of employment, claimant had to show the rupture was caused by unusual strain or an overexertion by the claimant resulting from a specifically identifiable effort by him not routine to the type of work he was accustomed to performing. In reversing the finding of compensability because claimant failed to show unusual strain from a specific identifiable effort which was not routine, the court noted that emotional strain was too elusive a factor to be utilized, independent of any physical activity, in determining a causal connection between an internal failure of the cardiovascular system and the employment.
*1194 We affirm the Commission's conclusion that Mosca is inapplicable. Under Chapter 440, compensation is payable only for an "injury," arising in a certain way while Section 121.021(13) is broader and defines disability in the line of duty as an "injury or illness" arising out of employment. Appellee is entitled to benefits under Section 121.021(13), Fla. Stat., and we affirm Point Two.
AFFIRMED.
ERVIN and LARRY G. SMITH, JJ., concur.