ROBERT P. SMITH, Jr., Judge.
Botner appeals from an order of the Retirement Commission denying him line-of-duty disability retirement benefits under section 121.021(13), Florida Statutes (1979). His contention is that the stress of working as an elementary school teacher for the Dade County School Board contributed to his psychological difficulties, otherwise evidenced in various ways over the years, and ended in the breakdown that brought about his retirement.
There is evidence in the record from which the Commission might have found, as its order states, that appellant’s “mental illness was of a type which could get progressively worse through the passage of time alone.” In his home life, in inter-racial experiences, and in other aspects of his life, as well as at work, appellant encountered unusually severe stress. While other psychiatric testimony supports appellant’s contentions in this case, Dr. Mutter testified that, with possibly “some slight variations” differentiating one work situation from another, the stress upon appellant in his teaching work was essentially that which he would have encountered in any work situation: “[Wjhether he was a teacher, whether he was working for Florida Power & Light or any other company, wherevér he had any kind of stress in dealing with people, because his underlying mental illness disorder has to do with that .. ., [he] would probably, no matter what he did, would probably have compounded his symptoms or aggravated them.”
By this view of the evidence appellant’s disability was not an “injury or illness arising out of and in the actual performance of duty required by a member’s employment . ..,” and is to be contrasted with the Commission’s decision, affirmed by this court, which awarded line-of-duty benefits to one who encountered unusual stress in a prison guard job that was itself characterized by unusual stress differentiating it from “most occupations.” Division of Retirement v. Allen, 395 So.2d 1192 (Fla. 1st DCA 1981).
In contrast with Bolinger v. Division of Retirement, 335 So.2d 568 (Fla. 1st DCA 1976), this is not a case in which the Commission relied upon an independent hearing officer to return essential findings of fact and then sought to overrule those findings. *95 The Retirement Commission itself heard the evidence in the present ease. Its findings on the ultimate facts, accordingly, are entitled to the deference we would accord to any factfinder. There being a view of the evidence that supports the Commission’s ultimate finding, the order is
AFFIRMED.
SHIVERS and NIMMONS, JJ., concur.