NIMMONS, Judge.
Castiglia appeals the Retirement Commission’s denial of “in line of duty” disability benefits under Sections 121.021(13) and 121.091(4)(d)l.a., Florida Statutes. Although the Division of Retirement had approved Castiglia’s application for regular disability retirement, it had denied his application for the enhanced in line of duty disability benefits, and Castiglia petitioned for a hearing before the Retirement Commission pursuant to Section 121.23. After an evidentiary hearing, the Commission entered its final order denying in line of duty benefits. There being competent, substantial evidence to support such denial and the Commission being entitled to the deference we would accord to any factfinder, Botner v. State of Florida, Department of Administration, 438 So.2d 94 (Fla. 1st DCA 1983), we affirm the Commission’s denial of in line of duty benefits.
Castiglia also appeals the Commission’s refusal to consider his claim that his disability retirement date set by the administrator of the Division of Retirement was incorrect. Castiglia’s timely filed petition for a Retirement Commission hearing requested review not only of the Division’s denial of in line of duty benefits but also of the determination of the retirement date by the Division’s administrator. In its subject final order the Commission stated that its statutory jurisdiction was limited under Section 121.23, that such statute does not cover jurisdiction to consider disputes over retirement date determinations and that such dispute “would be resolvable in a circuit court proceeding seeking the enforcement of [the Commission’s final order] pursuant to Section 120.69, Florida Statutes.” We disagree. There is no justification for such a narrow construction of the Commission’s jurisdiction, and a Section 120.69 enforcement proceeding in circuit court is a patently inappropriate means of resolving a dispute over the correctness of the retirement date established by the Division.
Section 121.23 provides that the “provisions of this section shall apply to all proceedings respecting applications for disability retirement.” Subsection (2)(a) further provides:
(2) Unless the member accepts the decision of the administrator as final and binding, he shall be entitled to a hearing before the State Retirement Commission pursuant to s. 120.57(1). For the purpose of the said hearings, the commission shall be an agency head as defined by s. 120.52(3).
(a) The Retirement Commission shall have the authority to issue orders as a result of a hearing that shall be binding on all parties to the dispute. The Retirement Commission may order any action that it deems appropriate.
In accordance with the provisions of Section 120.23(1), the Division notified Castig-lia of its decision (1) granting disability retirement; (2) denying in line of duty benefits; and (3) changing his retirement date. Castiglia, through his attorney, promptly notified the Retirement Commission that he did not accept the Division’s decision and filed his petition for an administrative hearing. He was entitled to a Retirement Commission hearing on the retirement date determination as well as the in line of duty decision. Nothing in chapters 120 and 121 suggests otherwise.
With respect to Castiglia’s attack upon the constitutionality of Section 121.091(4), which concerns the setting of retirement dates, we do not reach that question since, as we have held, the Commission erroneously refused to hear Castiglia’s claim of error in the Division’s setting of his retirement date. After remand and hearing on that issue, it is possible that the case will *1009 be resolved without the need of deciding the constitutional question.
The final order of the Retirement Commission is AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr. and SHIVERS, JJ., concur.