NIMMONS, Judge.
This is an administrative appeal from the Final Order of the State Retirement Commission (“Commission”), reversing the decision of the Division of Retirement (“Division”) by granting regular disability retirement benefits to appellee’s deceased husband, Carlos Miranda. We reverse.
Mr. Miranda was employed as a fireman with the Metro Dade. County Fire Department from July 14, 1975 to July 24, 1984, his last date of actual work. On July 24, 1984, Mr. Miranda was admitted to the hospital and thereafter diagnosed as having terminal cancer. He remained in the hospital until August 21, 1984, the date of his death. The remainder of July was used as either normal days off or sick days. His sick leave being exhausted, Miranda was paid annual leave from August 1 through August 12.
On August 9, Miranda was granted a one year leave of absence without pay, to begin *171 August 13, 1984. On August 10, he completed his “Application for Disability Retirement.” A “Statement of Disability by Employer” was executed on August 10, which stated that Miranda’s services would terminate on August 13. The Application for Disability Retirement was received by the Division of Retirement on August 17, 1984, four days prior to Miranda’s death.
The Division notified Mrs. Miranda by letter dated September 6, 1984 that it was unable to consider the claim for disability retirement since her husband had “passed away prior to his effective retirement date of September 1st.” Thereafter, Mrs. Miranda filed an appeal[1] before the State Retirement Commission. Concurrent with the filing of the appeal before the Commission, Mrs. Miranda filed a petition with the Division of Administrative Hearings (DOAH) seeking a Section 120.57 hearing under the Administrative Procedure Act.
In order to clarify the issue of which forum had jurisdiction, Mrs. Miranda filed a petition for writ of prohibition or certiora-ri with this court in Case No. BG-435. In the petition, she sought a determination as to the proper jurisdictional forum. The petition was denied without comment by order of the court dated December 17, 1984.
The Division then filed a motion to dismiss for lack of jurisdiction before the State Retirement Commission and simultaneously moved to stay the proceeding before DOAH pending a determination of the motion to dismiss filed with the Retirement Commission. The motion to stay the DOAH proceeding was granted by the hearing officer. On April 24, 1985 the State Retirement Commission issued its order denying the motion to dismiss, stating that it had jurisdiction consistent with our decision in Castiglia v. Division of Retirement, State Department of Administration, 442 So.2d 1007 (Fla. 1st DCA 1983).
On February 17, 1986, the State Retirement Commission conducted a final hearing in this case. Reversing the decision of the Division, the Commission in its written order held that Mr. Miranda was de facto terminated from his employment as of the date of his hospital admission on July 24, 1984. The Commission found that Mr. Miranda’s employment “terminated prior to his death on or about August 21, 1984,” and that therefore he was entitled to an award of regular disability retirement benefits. The Division thereafter filed a timely appeal from the Commission’s final order with this court.
The following three issues have been raised on this appeal:
I. WHETHER THE COMMISSION HAD JURISDICTION TO HEAR MRS. MIRANDA’S APPEAL.
II. WHETHER THE COMMISSION PROPERLY DETERMINED MR. MIRANDA WAS ELIGIBLE FOR DISABILITY RETIREMENT.
III. WHETHER THERE WAS COMPETENT SUBSTANTIAL EVIDENCE TO SUPPORT THE COMMISSION’S FINDING THAT MR. MIRANDA WAS TOTALLY AND PERMANENTLY DISABLED.
Appellant initially asserts that the State Retirement Commission did not have jurisdiction to hear Mrs. Miranda’s appeal. However, the administrative rules of the Division itself establish that the Commission did have jurisdiction. Fla.Admin.Code Rule 22B-4.07(3) sets out the procedures to be followed by members who apply for disability retirement benefits under Section 121.091(4), Florida Statutes. The relevant provisions of the rule are as follows:
(3) The following procedure shall apply to those members applying for disability retirement benefits under Section 121.-091(4), Florida Statutes:
* * * * * ⅜
(b) Upon receipt of the completed application ... the Administrator shall determine if the member is eligible for disability retirement benefits under the pro *172 visions of the Florida Retirement System Act.
* * * * sfc *
(f) If the member does not accept the decision of the Administrator, the member may request in writing a hearing on his disability claim before the State Retirement Commission pursuant to Section 120.57(1), Florida Statutes. Such request should be made within twenty (20) calendar days from the date he receives notice of the Administrator’s final determination.
The Division found that Mr. Miranda was not eligible for disability retirement benefits. Pursuant to the terms of the Division’s own rules, a request was filed with the State Retirement Commission seeking review of such determination.
Further, appellant’s argument that the State Retirement Commission did not have jurisdiction to review the Division’s retirement date determination is without merit. This court established in Castiglia v. Division of Retirement, State Department of Administration, 442 So.2d 1007 (Fla. 1st DCA 1983), that the Retirement Commission has jurisdiction to review a retirement date determination by the Division.
Nevertheless, we find it necessary to reverse the Commission’s final order awarding regular disability retirement benefits to appellees. The Commission did not properly determine that Mr. Miranda was eligible for disability retirement benefits under the applicable statute and administrative rules.
Controlling in this case are Section 121.091, Florida Statutes and Chapter 22B-4 of the Florida Administrative Code, which address the benefits payable under the Florida Retirement System. To understand how the rules and the statute work together, it is important to first recognize the statements of policy as set forth in Fla.Admin.Code Rule 22B-4.02:
22B-4.02 Statements of Policy.
(1) All benefits and refunds of accumulated contributions provided for under this chapter shall be payable only upon termination of employment and proper application to the Administrator, (emphasis supplied)
To be eligible to receive any type of benefits under the Florida Retirement System, a member’s employment must have been terminated. The rules define a “terminated member” as
any former member of the Florida Retirement System who is no longer receiving compensation for work performed in a regularly established position and is not on a leave of absence.
Fla.Admin.Code Rule 22B-6.01 (48).
Appellee asserts, consistent with the Commission’s finding, that Mr. Miranda’s employment terminated by his permanent and total disability. Appellee says: (1) that on July 24, 1984, when Mr. Miranda was diagnosed as having terminal cancer, he was rendered permanently and totally disabled; (2) that once that point was reached, he could not render useful and efficient service as an employee; and (3) that, at that point, employment was terminated and Mr. Miranda’s right to a disability pension was vested.
However, the administrative rules do not contemplate such a theory. Under the rules, Mr. Miranda’s employment was never terminated. He continued on the payroll as an employee receiving full salary and other benefits through August 12. On August 13, Miranda was granted a one year leave of absence without pay.
The rules do contemplate, however, certain other situations whereby a member’s employment may be terminated. First, termination can occur by retirement. In order for termination to occur by retirement, thereby rendering a member eligible to receive retirement benefits, certain requirements must be satisfied. Fla.Admin.Code Rule 22B-4.02 sets forth these requirements:
22B-4.02 Statements of Policy.
(1) All benefits and refunds of accumulated contributions provided for under this chapter shall be payable only upon termination of employment and proper application to the Administrator.
(2) It shall be the responsibility of the member to notify the Administrator of *173 the date on which he wishes to retire and to make proper application for normal, early, or disability retirement benefits.... (emphasis supplied)
He * * * * *
(4)(a) A member may make application for retirement benefits within 6 months prior to his date of termination of employment. If the retirement application is received by the Division of Retirement prior to termination of employment, or within 30 calendar days thereafter, the effective date of retirement will be the first day of the month following termination. Benefits will begin to accrue on the effective date of retirement and will be payable on the last day of the month. If the member fails to make application for retirement benefits within 30 calendar days after termination of employment, the effective date of retirement shall be the first day of the month following receipt of the application by the Division of Retirement, (emphasis supplied)
Among the various types of retirement benefits payable under the system is disability retirement benefits, which is what was awarded by the Commission in this case. The relevant statute regarding such benefits is Section 121.091(4), Florida Statutes, which provides in pertinent part:
(4) DISABILITY RETIREMENT BENEFITS. — (a) Disability retirement date. —A member who becomes permanently and totally disabled ... after completing 5 years of creditable service ... shall be entitled to a monthly disability benefit.... The disability retirement date shall be the first day of the month which coincides with or next follows the date the administrator approves payment of disability retirement benefits to the member. emphasis supplied)
He * * * * *
(d) Disability retirement benefit. —Upon the retirement of a member on his disability retirement date, the member shall receive a monthly benefit which shall commence on the last day of the month of his disability retirement....
The relevant administrative rule regarding disability retirement benefits is Fla.Admin.Code Rule 22B-4.07, which provides in part as follows:
22B-4.07 Benefits Payable for Disability Retirement.
(1) Upon proper application to and approval by the Administrator a member shall receive a disability retirement benefit if:
⅜ ⅜ ⅜ ⅝ ⅜ ⅜
(b) He is an officer or employee who is totally and permanently disabled other than in line of duty after completing at least five years of creditable service.... (emphasis supplied)
Appellee has argued that Mr. Miranda was clearly eligible to receive disability retirement benefits under Rule 22B-4.07 and Section 121.091(4)(a) because he was (1) permanently and totally disabled, and (2) had completed more than five years of creditable service. Mrs. Miranda maintains that the disability retirement date, as set forth in the statute, has no bearing on eligibility for benefits, but is only relevant to the method by which the payments are effectuated.
However, Rule 22B-4.07 and Section 121.091(4)(a), which pertain to disability retirement benefits, should not be read in such an isolated fashion. Rather, they should be reviewed in light of the entire chapter concerning the overall retirement benefit scheme, especially the statements of policy set forth in Florida Administrative Code Rule 22B-4.02. A thorough reading of the statute and rule regarding disability retirement benefits along with other relevant provisions dealing with the retirement system establishes that Mr. Miranda was not entitled to disability retirement benefits.
The Division’s statements of policy, as previously set forth, provide that all benefits shall be payable only upon termination of employment and proper application to the Administrator. The statements of policy further provide that if the retirement application is received by the Division of Retirement prior to termination of employment, or within 30 calendar days there *174 after, the effective date of retirement will be the first day of the month following termination.
A slightly different standard is applied in the area of disability retirement benefits in determining the effective retirement date. That standard is set forth in Section 121.-091(4)(a), Florida Statutes:
The disability retirement date shall be the first day of the month which coincides with or next follows the date the administrator approves payment of disability retirement benefits to the member. (emphasis supplied)
Under this definition, the earliest disability or effective retirement date which the Division could have established would have been September 1, 1984. Mr. Miranda did not submit his application for disability retirement until August 10 and the Division did not receive this application until August 17, 1984. Even if the Division had approved the application right away, the effective retirement date would not have occurred until September 1, 1984.
Because Mr. Miranda died prior to the approval of payment of disability retirement benefits, and thus prior to his disability or effective retirement date, his employment was not terminated by retirement, but rather by death. Because his employment was never terminated by retirement, he was not entitled to disability retirement benefits.
The administrative rules recognize, however, that termination can occur by death and provide for such an occurrence. Fla. Admin.Code Rule 22B-4.10(6) provides as follows:
[I]f a member should die prior to his effective date of retirement, his employment will be considered to have been terminated by death ... and benefits shall be payable in accordance with the provisions of Section 22B-4.08.
Fla.Admin.Code Rule 22B-4.08(1) provides:
22B-4.08 Benefits Payable upon Death.
(1) If the death of a member occurs other than in the line of duty prior to the completion of 10 years of creditable service ... the member’s designated beneficiary shall receive a refund of the member’s accumulated contributions.
Thus, under the rules, Mr. Miranda never qualified for the receipt of disability retirement benefits. He was entitled instead to the receipt of death benefits pursuant to Fla.Admin.Code Rule 22B-4.08(1). Appel-lee is therefore entitled only to a refund of her husband’s accumulated contributions, and not to disability retirement benefits.
In view of our resolution on the second issue, the third issue raised on this appeal is moot.
Accordingly, the final order of the State Retirement Commission is REVERSED and this cause is REMANDED for the entry of an amended order.
WENTWORTH and WIGGINTON, JJ., concur.

. Although the parties and we refer to this as an “appeal” to the Retirement Commission, technically it is a petition for a hearing before the Commission. See Fla.Admin.Code Rule 22B-4.-07(3)(f).