PARKER, Judge.
The State of Florida, Department of Administration, Division of Retirement (State) appeals a final order from the State Retirement Commission (the Commission) which reversed the State’s decision to deny Larse-nia Porter regular disability retirement benefits. We reverse the Commission’s order, finding that there was no competent medical evidence to support its decision.
Mrs. Porter, thirty years of age, has been disabled by polio since 1962. Her legs never grew to their natural length, and she uses crutches to walk.[1] She was employed as a teacher’s aide with the Hillsborough County District School Board from 1979 until she took maternity leave in 1989. Following the birth of her baby in 1989, she resigned her school board position, stating that she was not able physically to hold the job and to care for her family. She then sought disability retirement benefits.
At the hearing before the Commission, Mrs. Porter presented a report from a Dr. Martinez, who examined Mrs. Porter on September 14, 1989. Dr. Martinez’ report reflects the following. Mrs. Porter had weakness in her legs and had to walk with the use of crutches. She complained of low back pain and was hypertensive. Her leg examination was abnormal. Dr. Martinez’ report found that Mrs. Porter was permanently and totally disabled and that she was unable to return to work in the future. The report of Dr. Martinez was the only medical evidence submitted to the Commission which supported Mrs. Porter’s position that she was totally and permanently disabled.
The Commission permitted the report of Dr. Martinez to be accepted as hearsay evidence. At the hearing, the State submitted the deposition of Dr. Martinez in which he stated that he was unaware that Mrs. Porter had been employed and that Mrs. Porter should be able to return to her former employment if her condition was the same as it was before the delivery of her baby.
Hearsay evidence is admissible in an administrative proceeding, but only when it is used to supplement or explain other evidence. Section 120.58(l)(a), Fla. Stat. (1989).[2] “Here, the report of Dr. Martinez did not supplement or explain any other medical evidence. Hence, the report was insufficient in itself to support a finding of disability. See Campbell v. Central Florida Zoological Soc’y, 432 So.2d 684 (Fla. 5th DCA 1983). Although Mrs. Porter testified before the Commission, the Commission’s personal observations of her cannot constitute competent, substantial evidence to support a finding of total and permanent disability because this matter involves medical expertise. See Ronald Allen Trucking Co. v. Helton, 449 So.2d 874 (Fla. 1st DCA 1984). With no other evidence submitted to the Commission to support the report of Dr. Martinez, we are compelled to reverse the order of the Commission.
SCHEB, A.C.J., and FRANK, J., concur.

. Mrs. Porter is currently in a wheel chair because of back surgery for a condition diagnosed subsequent to the issues in this case.

. That statute provides, in part:
Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.