ERVIN, Judge,
dissenting.
Because appellant, Richard Viele, presented uncontradicted medical evidence which established that his psychological illness was related to his work, I dissent from the majority opinion affirming the State Retirement Commission’s denial of benefits, and would instead reverse and remand the case with directions that Viele be granted disability retirement benefits.
Viele was employed as a correctional officer by the Suwanee County Sheriffs Department for approximately ten years; thus, he was eligible for retirement benefits if his disability arose in the fine of duty. § 121.-091(4)(a), Fla.Stat. (1991). Accordingly, Viele was required to establish by a preponderance of evidence that his mental illness was work-related, and that the illness contributed to or substantially produced his permanent disability. Andrews v. Division of Retirement, 508 So.2d 477 (Fla. 1st DCA 1987).
His physician, Dr. Umesh Mhatre, testified that Viele’s psychological illness, adjustment disorder with depression, was caused by work-related stress, and that the stress resulted primarily from Viele’s interpersonal conflicts with the sheriff and jailer and from constant contact and occasional confrontations with violent criminals. Regardless of whether Viele incorrectly imagined or exaggerated the interpersonal conflicts, Dr. Mha-tre regarded Viele’s mental illness as genuine and job-related, because Viele truly perceived that he was being treated unfairly. *1125 No medical evidence was presented to the contrary.
In affirming the Commission’s denial of benefits, the majority accepts the Commission’s conclusion that Viele’s “stress on the job was largely self-created,” because the sheriff and jailer testified that they did not treat Viele badly. I consider that the Commission’s rejection of unrefuted expert medical testimony, based upon the testimony of employees who, unsurprisingly, gave different versions of incidents they all admit were frought with conflict, was error. Cf. Andrews, 508 So.2d at 478-80 (denial of in-line-of-duty disability benefits was warranted, based on expert medical testimony refuting Andrews’ medical expert, and evidence pointing to other causes of Andrews’ respiratory illness).
The evidence at bar shows that Viele was untroubled at the time he began work at the jail, but with the passage of time he became increasingly antisocial and emotional in his relations with his superiors. The sheriff and jailer recounted incidents in which the sheriff reprimanded Viele after an inmate battered Viele in the head with a metal bar, after Viele slapped another correctional officer, and after Viele struck an inmate. The sheriff also described several circumstances wherein Viele became angry with him and “went to pieces.” The jailer said Viele was difficult to work with and explained a number of “letters of reprimand” she had written concerning him. Both believed Viele disliked them. Thus, the evidence is undisputed that Viele had ever-increasing difficulty during work and conflicts with his superiors. Whether the sheriff and jailer disputed Viele’s subjective explanation of the cause of his conflicts on the job is immaterial to the existence of the link between his disability and employment.
Dr. Mhatre explicitly testified that his diagnosis was based on Viele’s symptoms, not on the objective content of the incidents involving the sheriff and jailer, and that what was significant to him was Viele’s perception of a given situation and the impact of an incident on him. He freely acknowledged that Viele may have been responsible for some of the problems he encountered with his superiors. Thus, it was not important to him from a medical standpoint whether the sheriff and jailer were, in fact, “disrespectful” and “verbally abusive” toward Viele, as Viele believed. What was psychologically significant was the manner in which Viele reacted to the conflicts with these individuals.
Section 121.021(13), Florida Statutes (1991), requires an illness only to arise “out of and in the actual performance of duty” in order to constitute disability in the line of duty. Although another employee might not have regarded difficulties similar to those confronting Viele as “unfair treatment,” the only obligation the law placed on Viele was to establish medical causation between his adjustment disorder and his job. He satisfied his statutory burden through Dr. Mhatre’s testimony.
In other cases, various courts have decided that medical evidence disclosing that an employee suffered a disability as the result of job stress was sufficient to establish disability in the line of duty, regardless of the submission of evidence showing that other factors may have contributed to the employee’s disability. See, e.g., Division of Retirement v. Allen, 395 So.2d 1192 (Fla. 1st DCA 1981) (Allen’s personality and physical condition combined with job stressors to cause his disability); Dixon v. Department of Admin., Div. of Retirement, 481 So.2d 52 (Fla. 1st DCA 1985) (Dixon’s preexisting mental condition was aggravated by employment conditions — problems with a néw supervisor — as well as by his brother’s death and the loss of a love relationship); Tingler v. City of Tampa, 400 So.2d 146 (Fla.2d DCA), review denied, 408 So.2d 1092 (Fla.1981) (Tingler’s job stress aggravated a preexisting mental condition, resulting in a psychological reaction of his musculoskeletal system, causing his disability).
In the above cases, the employees were awarded disability benefits based on medical evidence revealing that job stress aggravated their disabling psychological conditions, notwithstanding the fact that nonemployment factors may have also contributed. In the case at bar, the only medical evidence submitted was that job stress caused Viele’s *1126 disabling mental illness. As the record contains no competent, substantial evidence to support the denial of benefits, Havener v. Division of Retirement, 461 So.2d 231 (Fla. 1st DCA 1984), I would reverse and remand with directions to the Commission to grant Viele’s application for disability retirement benefits.