662 So.2d 1028 (1995)
Billy PRIDGEON, Appellant,
v.
STATE of Florida, DIVISION OF RETIREMENT, Appellee.
No. 94-2267.
District Court of Appeal of Florida, First District.
November 21, 1995.
R. Jeremy Solomon of Solomon & Proctor, Tallahassee, for Appellant.
Jodi B. Jennings, Assistant Division Attorney, Division of Retirement, Tallahassee, for Appellee.
*1029 ZEHMER, Chief judge.
Billy Pridgeon, appeals the final order of the State Retirement Commission denying his claim for in-line-of-duty disability retirement benefits under section 121.021(13), Florida Statutes (1993). We reverse and remand for further proceedings.
Pridgeon is approximately 50 years old with more than 10 years of creditable service with the Florida Retirement System. He injured his lower back in a work-related accident on June 21, 1990, while employed as a heavy equipment operator for the Holmes County Road Department. Since then, he has suffered chronic and debilitating low back pain that ultimately forced him to leave his employment. His application for in-line-of-duty disability retirement benefits was denied by the State Retirement Director and Pridgeon appealed to the Commission. In its final order the Commission found that Pridgeon was injured in the line of duty and that competent medical and vocational evidence established that he was permanently and totally disabled. The Commission concluded that Pridgeon was entitled to receive regular disability benefits under section 121.091(4), but that the evidence was insufficient to establish Pridgeon's entitlement to in-line-of-duty disability retirement benefits under section 121.021(13).
Section 121.021(13) defines "disability in line of duty" as "an injury or illness arising out of and in the actual performance of duty required by a member's employment during his regularly scheduled working hours ... required by the employer." To establish entitlement to in-line-of-duty disability benefits, an individual must prove that (1) his injury was work-related, and (2) his injury was a substantial, producing cause or an aggravating cause of his permanent total disability. Dixon v. Department of Administration, Division of Retirement, 481 So.2d 52, 54 (Fla. 1st DCA 1985). To carry this burden of proof, it is necessary "to present competent medical evidence," by a licensed medical professional, who has either treated or examined the individual, who testifies under oath at the hearing or deposition and is subject to cross examination by the Division of Retirement. See § 121.23(2)(a), Florida Statutes (1993); Fla. Admin. Code R. 60R-1.00481(2); Division of Retirement v. Porter, 591 So.2d 1108 (Fla. 2d DCA 1992).
In support of the final order, the Division argues that the only competent medical evidence before the Commission was Dr. Ismail's deposition, and that he merely established a "possibility" of causation. The remaining "medical" evidence consisted of the medical records of Pridgeon's previous treating physicians. The Division emphasizes that Dr. Ismail is not an orthopedic surgeon or a neurologist, did not know the details of Pridgeon's medical and employment history, did not review all of Pridgeon's x-rays, the CT scan, or the MRI, and did not review the records of Dr. Walker, Pridgeon's treating orthopedic surgeon. The Division contends that Dr. Ismail's testimony is an insufficient predicate for the requisite finding of causation, and therefore, the Commission properly found that Pridgeon failed to satisfy the legal test for in-line-of-duty disability retirement benefits.
Pridgeon argues that the Commission's decision to deny in-line-of-duty disability benefits is not supported by competent, substantial evidence because he proved that he was permanently and totally disabled and that his disability was caused by his in-line-of-duty injury. "The pertinent standard of appellate review in this case is whether the decision of the Commission was based on substantial evidence." Havener v. Division of Retirement, 461 So.2d 231, 233 (Fla. 1st DCA 1984); § 121.23(4)(c), Fla. Stat. (1993). Pridgeon agrees that to meet the test for an in-line-of-duty disability award, he had to show that his injury arose "`out of and in the actual performance of duty required'" by his employment. Havener, 461 So.2d at 233, quoting § 121.021(13).
Pridgeon testified at the hearing before the Commission. He also presented the deposition testimony of Dr. Ismail and the medical records of the other physicians who had been treating him for his back pain since the date of his lower back injury. The latter evidence was hearsay but nevertheless was properly admitted over the Division's objection for the limited purpose of supplementing *1030 or explaining other competent evidence. § 120.58, Fla. Stat. (1993). In its final order, the Commission stated it had considered "the totality and reliability of the evidence, and the credibility of the witnesses," but found that Dr. Ismail's testimony was not competent medical evidence to demonstrate that Pridgeon's disabling impairment was caused or aggravated by an in-line-of-duty injury because the doctor could only testify that it was a "possibility" that Pridgeon's on the job accident caused his current disability. Noting that the standard is not a medical possibility but a reasonable medical probability, the Commission ruled that Pridgeon had failed to carry his burden of proving that his current disability was proximately caused by his in-line-of-duty injury.
While the Commission may have been justified in discounting Dr. Ismail's opinion to the extent that he did not testify as to causation within a reasonable degree of medical probability, it is important to note that Dr. Ismail was never asked to render an opinion on causation within a reasonable degree of medical probability. Instead, the questions propounded to him on deposition by both parties used incorrect legal tests. For example, counsel for the Division consistently asked the doctor whether he could render an opinion on causation "with certainty," even though medical certainty is not the legal test for causation. On the other hand, though given an opportunity to rehabilitate his witness following the Division's examination, counsel for Mr. Pridgeon asked Dr. Ismail only if he could "say that it is a possibility that in fact Mr. Pridgeon's back condition was caused by the accident at work." Dr. Ismail responded candidly, "Yeah, that's what I said a couple of times." In fact, Dr. Ismail consistently testified that Pridgeon's back pain "could be" related to his job injury, and early on in the deposition testified that his diagnosis was a "backache, history of fall injury at job, with severely decreased range of motion of TL spine." The only reason the doctor hesitated to directly correlate Pridgeon's injury to his current condition with absolute certainty was that he first saw Pridgeon's four years after the accident, did not have the benefit of the prior x-rays, CT scan and MRI, and had only the history given by Pridgeon, which he could not validate. Dr. Ismail did state, however, that if he had all of these records, he could be more specific.
The record supplies the vital information that would have enabled Dr. Ismail to be more specific. Pridgeon's testimony before the Commission, augmented by his medical records, established an unbroken chain of causation from the original accident and injury to his current disability. This evidence, in turn, validated the history given by Pridgeon to Dr. Ismail and supplied the necessary evidentiary link between the doctor's diagnosis and his answers to the hypothetical questions that would have enabled him to testify "more specifically" as to causation. Taken as a whole, this evidence is legally sufficient to support a finding that Pridgeon's permanent total disability is causally connected to his on-the-job injury. Absent the Commission's express rejection of any of this additional evidence, the record is legally sufficient to support an award of in-line-of-duty disability benefits. However, this court is not the factfinder, and because it appears the Commission did not properly consider all of the evidence and accord that evidence its proper legal weight, we reverse the final order and remand the cause for further consideration consistent with this opinion.
REVERSED and REMANDED.
BARFIELD, J., and SHIVERS, Senior Judge, concur.