ANTOON, Judge.
Charlotte A. Hartley appeals the State Retirement Commission’s (Commission) final order determining that she is not eligible to receive “in the line of duty” retirement benefits. We reverse because the Commission’s determination is not supported by substantial competent record evidence.
From 1977 until 1994, Hartley was employed by the Florida Department of Agriculture — Division of Forestry. In July 1993, Hartley was injured at work while operating a farm tractor, and in January 1994, she was injured in an automobile accident. The parties agree the farm tractor accident was work-related, but the automobile accident was not.
*1381 Hartley applied for regular and in the line of duty disability retirement benefits from the Department of Management Services, Division of Retirement (Division). In her application Hartley stated that she was permanently disabled as a result of her work-related farm tractor accident. The Division denied Hartley’s application for benefits stating that the information she had submitted “failed to support [her] claim of being totally and permanently disabled from rendering useful and efficient services as an officer or employee.”
Hartley timely appealed this decision and an administrative hearing was conducted by the Commission. At the hearing, Hartley testified on her own behalf and she also presented the deposition testimony of her psychiatrist, Dr. Fesler. Dr. Fesler opined that Hartley was totally and permanently disabled as a result of the July 1993 farm tractor accident. The Division did not present any witnesses but instead relied upon information contained in medical reports. In the final order, the Commission reversed the denial of Hartley’s claim for permanent disability benefits but affirmed the denial of her claim for in the line of duty benefits stating
there [wa]s no competent medical evidence outlining [Hartley’s] condition and prognosis after the July 1993 incident, independent of the January 1994 accident, the Commission is not convinced that Petitioner’s July 1993 on-the-job accident was the contributing or significantly contributing factor to her present condition, particularly in light of the significant psychological problems.
Individuals who are employed by the state for at least ten years are entitled to receive disability retirement compensation if they “become permanently and totally disabled, physically or mentally, or both, from rendering useful and efficient service-” § 122.09, Fla. Stat. (1995). An employee is permanently and totally disabled if “in the opinion of the administrator, he or she is prevented, by reason of a medically determinable physical or mental impairment, from rendering useful and efficient service as an officer or employee.” § 121.091(4)(b), Fla. Stat. (1995). Proof of disability “shall include the certification of the member’s total and permanent disability by two licensed physicians of the state and such other evidence of disability as the administrator may require, including reports from vocational rehabilitation, evaluation, or testing specialists who have evaluated the applicant for employment.” § 121.091(4)(c), Fla. Stat. (1995).
Disability retirement compensation benefits are enhanced pursuant to section 121.091(4)(d)1, Florida Statutes (1995) if the “disability occurred in the line of duty....” Section 121.021(13), Florida Statutes (1995), provides, in relevant part:
“Disability in line of duty” means an injury or illness arising out of and in the actual performance of duty required by a member’s employment during his or her regularly scheduled working hours or irregular working hours as required by the employer.... The administrator may require such proof as he or she deems necessary as to the time, date, and cause of any such injury or illness, including evidence from any available witnesses.
The narrow question raised in this appeal is whether there is substantial competent record evidence to support the Commission’s determination that Hartley’s permanent disability was not the result of injuries sustained in the line of duty. We answer this question in the negative.
State employees have the burden of proving they are disabled. Fla. Admin. Code R. 60-R-10047. When claiming an in the line of duty injury, an employee must present “competent medical evidence ... showing that an injury or illness, arising out of and in the actual performance required by the member’s employment, was the substantial producing cause or aggravating cause of the member’s total and permanent disability.” Fla. Admin. Code R. 1.00481(3). To sustain this burden of proof, the employee is required to present competent medical evidence “by a licensed medical professional, who has either treated or examined the individual, who testifies under oath at the hearing or deposition and is subject to cross examination by the Division of Retirement.” Pridgeon v. Division of Retirement, 662 *1382 So.2d 1028, 1029 (Fla. 1st DCA 1995). Notwithstanding the burdens of proof which must be established by the employee, this court “shall ... set aside agency action or remand the case to the agency if it finds that the agency’s action depends on any finding of fact that is not supported by competent substantial evidence in the record.” § 120.68(10), Fla. Stat. (1995).
At the hearing in this case, Hartley testified that she injured her back, hips, and right leg in the farm tractor accident. She stated that she received treatment for these injuries from a chiropractor, neurosurgeon, neurologist, orthopedist, and psychiatrist. However, the treatments were not successful because Hartley was unable to regain any reflexes or strength in her right leg. Hartley testified that she was in constant pain in her right leg and her orthopedist diagnosed her as suffering from neuropathy. She stated that she attempted to return to work after the farm tractor accident, but she “would work three days a week for four hours until February, every day leaving and crying and having to go to the chiropractor.” Hartley also explained that she suffered a soft-tissue whiplash injury in the rear-end automobile accident in January 1994, but that this accident did not change her pre-existing condition. The deposition of her treating psychiatrist, Dr. Fesler, was read at the hearing. He testified that, within a reasonable degree of psychiatric probability, Hartley suffered “severe limitation of functional capacity ... [and] she was totally and permanently disabled from gainful employment.” Dr. Fesler also stated that Hartley’s condition was related to the “on-the-job accident ... in 1993.” The only evidence the Division submitted to support its position that Hartley’s disability was not caused by her work-related accident was hearsay statements contained in medical reports.
Although hearsay is admissible in an administrative hearing, the Commission cannot solely rely on hearsay to support its final order. See § 120.58(1)(a)1, Fla. Stat. (1995); see also Pridgeon, 662 So.2d at 1029-30. Here, since the Commission’s determination that Hartley’s permanent disability was not the result of a work-related accident was based solely upon hearsay contained in medical reports, the determination was not supported by substantial competent evidence. See Wade Bradford Grove Service, Inc., v. Bowen Brothers, Inc., 382 So.2d 719, 720 (Fla. 2d DCA 1980). Accordingly, we reverse the order entered by the Commission determining that Hartley is not entitled to receive in the line of duty retirement benefits.
REVERSED.
DAUKSCH and W. SHARP, JJ., concur.