W. SHARP, J.
Morris appeals from a final order of the State Retirement Commission which sustained the denial of her application for inline-of-duty retirement benefits. She sought to prove that a 1990 accident she suffered while working on her job as a physical education teacher in Volusia County, caused her severe limitation of functional capacity and permanent injury. We affirm.
At the hearing below, Morris had the burden of proving by a preponderance of competent evidence,[1] that she suffered an injury arising out of the performance of duties pertaining to her job, and that it was the substantial or aggravating cause of her total and permanent disability. Blanton v. Division of Retirement, 480 So.2d 134 (Fla. 1st DCA 1985). In this case, there was sufficient proof Morris suffered a job-related injury, and that she was permanently and totally disabled based on spina bifida and degenerative disc disease. However, proof of causation of her permanent disability by the job-related accident was the difficulty.
The only medical doctor who testified and who saw Morris shortly after her work-related accident, concluded she did not have a disabling injury, as a result of the accident. Following the work-related accident, Morris suffered another non-work-related accident in 1993. The medical doctor who treated her at that time testified she had a disabling condition, but he was unable to say whether she had any impairment after the 1990 accident. She also experienced two automobile accidents in 1994. Two other doctors who treated Morris three months after the work-related accident did not testify, but their office notes which included Morris’ complaints were admitted. They opined Morris had suffered a ten percent disability as a result of the 1990 accident.
In the face of conflicting evidence, the Commission has the prerogative and duty to determine disputed issues of fact. Andrews v. Division of Retirement, 508 So.2d 477 (Fla. 1st DCA 1987). Further, the Commission expressly found that Morris was not a credible witness concerning her claimed chronic pain in her neck, head, knees, and lower back following the 1990 job-related accident. Thus the Commission could have rejected the two doctor’s reports who saw her three months after the accident, on the ground Morris did not truthfully relate her symptoms to them. See Viele v. Division of Retirement, 642 So.2d 1124 (Fla. 1st DCA 1994).
Although we agree with Morris that the comments of one of the Commissioners at the hearing concerning the medical witnesses were improper, we do not think reversible error occurred in this case.
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.

. §§ 121.091(4)(c); 121.23(2)(a), Fla. Stat. See Hartley v. Department of Management Services, Division of Retirement, 711 So.2d 1380 (Fla. 5th DCA 1998); Pridgeon v. State of Florida, Division of Retirement, 662 So.2d 1028 (Fla. 1st DCA 1995).