PER CURIAM.
Appellant, Reggie E. Jernigan, challenges the final order of the Division of Retirement denying his claim for “disability in-line-of-duty” retirement benefits under section 121.021(13), Florida Statutes (2004). We agree with Mr. Jernigan that this ease is controlled by Dixon v. Department of Administration, Division of Retirement, 481 So.2d 52 (Fla. 1st DCA 1985); therefore, we reverse and remand with directions.
Mr. Jernigan worked for over 25 years until 2004 when he was forced to retire due to a debilitating psychological condition he claimed was work-related. Thereafter, he applied for retirement benefits. But, while the Division approved regular disability retirement benefits, it denied his application for in-line-of-duty disability retirement benefits.
Mr. Jernigan spent most of his 25 years working for State law enforcement without incident, first as a corrections officer and, most recently, as a deputy sheriff in investigations at the Escambia County Sheriff’s Department. However, two years prior to his retirement, Mr. Jernigan was accused by the media of colluding with a police informant who was a prime suspect in a murder case. Due to this publicity, Mr. Jernigan’s employment was terminated. No charges were ever filed, administratively or otherwise, and Mr. Jernigan was rehired five months later. However, he was not returned to his previous position. Instead, he was assigned to court security, *997 followed by the evidence warehouse, without use of his badge or uniform. Mr. Jernigan testified that this was “humiliating” and that after his termination and subsequent loss of duties, his mental condition deteriorated to the point that it forced him to leave his employment.
It is undisputed that Mr. Jernigan is totally and permanently disabled. The issue is whether he proved by a preponderance of the evidence that “(1) his injury was work-related, and (2) his injury was a substantial, producing cause or an aggravating cause of his permanent total disability.” Pridgeon v. Div. of Ret., 662 So.2d 1028, 1029 (Fla. 1st DCA 1995) (citing Dixon, 481 So.2d at 54).
In support of its final order, the Division argues that Mr. Jernigan’s disability is not work-related. However, the only expert produced by the State who analyzed Mr. Jernigan’s mental condition was psychiatrist Dr. Robert Benson, and he testified that Mr. Jernigan’s symptoms were exacerbated after he was fired. Additionally, he agreed that if termination of a 20-year position, false accusations, and loss of profession were considered to be in-line-of-duty incidents, then Mr. Jernigan was disabled in the fine of duty. Similar facts were reviewed in Dixon, and this court determined that these types of employment incidents should be considered work-related injuries.
In Dixon, the claimant had a schizophrenic disorder that, for the most part, was under control for over 12 years while he performed his work functions without great difficulty. 481 So.2d at 53. However, after some of his supervisory duties were eliminated and he encountered difficulties with the hiring of a new supervisor, his mental problems became debilitating. Id. At his benefit determination hearing, a psychiatrist testified that while “other factors contributed to the aggravation of Dixon’s illness ... the pressures at work were the primary cause of the stress, setting in motion and initiating Dixon’s mental problems.” Id. Nevertheless, the Commission denied Dixon in-line-of-duty benefits, concluding that his illness was not work-related but due to outside stressors because he “did not prove by a preponderance of the evidence that he encountered any unusual stress in his job that was the substantial, producing cause or an aggravating cause of his disability.” Id. at 54 (emphasis in original). This court reversed stating
Dixon testified that his difficulties began ... when the new supervisor was hired. Thereafter, according to Dixon, his new supervisor constantly harassed and reprimanded him, causing serious stress, and aggravating and exacerbating his condition.
... [A] compensably disabling illness need not be precipitated by unusual strain or exertion not routine to the employee’s accustomed work. Dixon need only prove that his work-related illness was a substantial or aggravating cause of his permanent total disability. This he has dearly done.
Id. at 53-54 (citations omitted) (emphasis added). It then concluded that Dixon satisfied the requirements necessary for inline-of-duty disability benefits. See id. at 53.
Here, as in Dixon, the Commission did not properly consider that debilitating anxiety or stress over loss of duties can be considered a work-related injury, even if there are significant outside stressors. Instead, it found that “[tjhere was no showing of a substantial relationship between the job environment and the disabling illness ... and that job conditions did not rise to the level of unusual stress triggering the disability.” But Dixon does not require that job stress be unusual, it only *998 requires that it be a substantial or aggravating cause of a total and permanent disability. Nothing in the record suggests that his illness was not aggravated by that work-related incident. Rather, the uncon-tradicted evidence of Dr. Benson supports that his loss of duties after termination aggravated his mental condition and led to his inability to work.
Further, while there is no question that Mr. Jernigan has major stressors outside of his job, there is also no evidence indicating that these outside stressors rendered him unable to work. Rather, just as Dixon performed his job without incident for over 12 years until a new supervisor was hired, here, the evidence shows that Mr. Jerni-gan successfully performed his job for over 20 years until he was terminated and then rehired into a position without his previous duties.
The undisputed evidence does not support the Commission’s denial of Mr. Jerni-gan’s in-line-of-duty benefits. Accordingly, we REVERSE the Commission’s order, and REMAND the cause with directions that such benefits be awarded him.
WOLF, DAVIS, and ROBERTS, JJ., concur.