IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES M. O'MEARA,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

v.

CASE NO. 1D15-2139

STATE OF FLORIDA,
DEPARTMENT OF
MANAGEMENT SERVICES,
DIVISION OF RETIREMENT,

     Appellee.

_____/

Opinion filed April 14, 2016.

An appeal from
State Retirement Commission

Ronald G. Stowers and Mark S. Levine of Levine & Stivers LLC, Tallahassee, for
Appellant.

Thomas E. Wright, Department of Management Services, for Appellee.

PER CURIAM.

     Former teacher James O'Meara challenges a final order of the State

Retirement Commission denying his application for in-line-of-duty retirement

disability benefits under § 121.091(4)(a), Florida Statutes. We reverse because the Commission did not apply the appropriate legal test.

<u>Background</u>

Mr. O'Meara worked as a teacher at Buffalo Creek Middle School for more than seven years before retiring due to illnesses that left him disabled. Upon retiring, he applied to the Division of Retirement for in-line-of-duty disability retirement benefits because he attributed his disability to a workplace injury. Specifically, on September 17, 2010, Mr. O'Meara was working at school when a student threw a small object that struck him in the face near his eye. This event caused Mr. O'Meara a great amount of stress because he was already blind in one eye. The object allegedly struck very near his good eye. Mr. O'Meara left school and went to the emergency room, where he learned that there hadn't been physical damage to his good eye. Mr. O'Meara returned to work and continued teaching until almost the end of the school year. But his medical condition deteriorated. In May 2011, his doctor, Dr. Rabins, advised him to take a medical leave of absence for the rest of the school year. Mr. O'Meara's condition continued to worsen and in January 2012 he was diagnosed with Post Traumatic Stress Disorder by another doctor, Dr. Super.

After retiring, Mr. O'Meara applied for in-line-of-duty disability retirement benefits, and the Division of Retirement denied his application. Mr. O'Meara appealed by filing a petition for an administrative hearing before the State

Retirement Commission. Two years later, the Commission held a hearing and voted to deny Mr. O'Meara's application. The Commission issued a final order on April 20, 2015, and Mr. O'Meara timely appealed.

Analysis

Section 121.021(13), Florida Statutes, defines disability in line of duty as "an injury or illness arising out of and in the actual performance of duty required by a member's employment during his regularly scheduled working hours . . . required by the employer." To establish entitlement to in-line-of-duty benefits, an individual must prove that (1) his injury was work-related, and (2) his injury was a substantial, producing cause or an aggravating cause of his permanent total disability. Pridgeon v. State, Div. of Ret., 662 So. 2d 1028, 1029 (Fla. 1st DCA 1995); Dixon v. Dep't of Admin., Div. of Ret., 481 So. 2d 52, 54 (Fla. 1st DCA 1985).

The dispute here only concerns the second prong of this test, wherein the Commission had to analyze whether Mr. O'Meara's injury was either a substantial producing cause of his permanent total disability, or an aggravating cause. Pridgeon, 662 So. 2d at 1029. The Commission's order, however, evaluated only the former part. The order answered the question of whether Mr. O'Meara's workplace injury was "brought about by" and "was the proximate cause of" his total and permanent disability with a clearly stated "no." But it did not evaluate whether Mr. O'Meara's workplace injury was an "aggravating cause" of disability. The thrust of Mr.

3

O'Meara's argument was this very point. He claimed that his workplace injury was an aggravating cause, not the proximate cause, of his permanent total disability. The order, however, didn't make a clear finding on the question of aggravating cause, but merely hinted that the stress of the workplace and workplace incident was "tertiary" to other non-work-related causes. For this reason, we reverse the order, so that the Commission can decide whether the workplace incident, which the order concedes to have been "emotionally traumatic" for Mr. O'Meara, constituted an aggravating cause of his permanent total disability.

## Conclusion

Thus, we REVERSE and REMAND for additional proceedings consistent with this opinion.

WOLF, OSTERHAUS, and KELSEY, JJ., concur.