BOOTH, Judge.
Appellant Moore appeals the State Retirement Commission’s order denying him “in line of duty” disability retirement benefits. Although we recognize the limited standard of judicial review, we reverse and remand with directions to grant the enhanced benefits.
Appellant, a 51 year old school teacher in Dade County, had accrued some seven years of service under the Florida Retirement System when in June of 1976 he was attacked by a student in his classroom. The student, just informed by Moore that he was going to fail his class, picked up a metal pipe and hit him one or more times between the shoulder blades and in the low back. Subsequent tests revealed herniated discs in the cervical and lumbar areas. On several occasions after this beating, Moore’s legs collapsed on him as he walked. It was stipulated between the parties that after this incident Moore was “totally and permanently disabled” within the meaning of section 121.091(4)(b), Florida Statutes (1977). The only issue before the Commission was whether the 1976 student attack was the cause of the disability so as to entitle him to enhanced “in line of duty” disability retirement benefits under section 121.091(4)(d)l, Florida Statutes (1977).
At the hearing, Moore’s entire medical history was chronicled, and the following incidents were revealed: (1) injuries to a toe and left ankle and a cataract removal during his Air Force career, (2) a 1956 car accident in which he received neck injuries, (3) a 1972 attack at school in which he was slammed against a wall, picked up and thrown to the floor, receiving back and neck injuries, (4) a 1974 collision with a student in the school hallway in which he received minor back injuries, (5) various experiences of back pain throughout 1974-76, (6) a January, 1976, car accident in which he sustained neck injuries, (7) the June, 1976, student attack, and finally (8) a subsequent June, 1976, incident in which appellant experienced back pain while attempting to ride a bicycle and fell off of the bicycle.
The Commission in its “Findings of Fact” stated that appellant’s disability was caused by “certain episodes of trauma superimposed on long-standing moderately severe osteoarthritis” involving the cervical and lumbar areas of the spine. As to the cervi *665 cal disability, the Commission found that the 1956 car accident, the 1974 student “attack,” and the January, 1976, car accident were responsible. The episodes of pain causing lumbar injury, were, according to the Commission: (1) back pain “sustained” while petitioner was getting out of a replin-ing chair in December, 1974, (2) “back pain while making up a bed in March 1976,” (3) the June, 1976, assault, and (4) the bicycle accident.
In its “Conclusions of Law” the Commission determined:
. Petitioner Moore was rendered totally and permanently disabled by reason of certain traumatic episodes superimposed on his degenerative arthritis, specifically: (a) an automobile accident in 1956 while Petitioner was in the Air Force; (b) an attack by a student in 1974 after which Petitioner was able to resume his teaching duties and continue flying airplanes; (c) an automobile accident in January of 1976 that resulted in increased neck pain .
We have reviewed the record and find that the Commission’s findings and conclusions are not supported by substantial evidence. The recitation of the Commission’s final Conclusions of Law does not even include the June, 1976, student attack as a cause of appellant’s ultimate disability. However, all three of the medical experts who had examined appellant stated that the 1976 student attack was a causative factor in both the lumbar and cervical disc injuries, and that the lumbar injury was a significant part of appellant’s overall disability-
The Commission’s conclusions overlook or ignore this important medical evidence. In a number of other respects the order is contradictory and misleading. For example, the Commission finds appellant “injured his back while getting out of a reclining chair at home,” but the actual testimony is that he had experienced pain while getting out of the chair. One of the Commission’s conclusions is that: “Petitioner demonstrated by withdrawing his disability application [in February of 1977] for the purpose of qualifying for an insurance policy, that he was capable of withholding significant and damaging information in order to qualify for a benefit.” Earlier, however, the Commission’s order expressly rejects the proposed finding that Moore withdrew his disability application for the purpose of qualifying for an insurance policy.
With regard to the February withdrawal of appellant’s application, our examination of the record does not support the Commission’s apparent discrediting of appellant, much less the denial of benefits, on this basis.
The uncontroverted facts are that appellant, whatever his prior physical condition, was able to, and did, perform his duties prior to the 1976 attack, and thereafter was permanently totally disabled by back injuries which are, as stated by the medical witnesses, related to the 1976 attack. We hold that the appellant proved the “in line of duty” injury he received was the substantial producing cause of his disability. See Bolinger v. Division of Retirement, 335 So.2d 568 (Fla. 1st DCA 1976).
Accordingly, the order is REVERSED and the case REMANDED to the Commission to award appellant the “in line of duty” disability retirement benefits to which he is entitled.
McCORD, C. J., and MELVIN, J., concur.