461 So.2d 231 (1984)
Paul E. HAVENER, Appellant,
v.
DIVISION OF RETIREMENT, Appellee.
No. AX-422.
District Court of Appeal of Florida, First District.
December 20, 1984.
Rehearing Denied January 25, 1985.
Leonard F. Mikul, Key West, for appellant.
Stanley M. Danek, Division of Retirement, Tallahassee, for appellee.
ZEHMER, Judge.
Appellant, Paul E. Havener, appeals the final order of the State Retirement Commission which denies his claim for in-line-of-duty disability retirement benefits under section 121.021(13), Florida Statutes *232 (1983).[1] The Division of Retirement cross-appeals the Commission's denial of its motion to dismiss the section 121.23 administrative hearing because Havener failed to timely request a hearing. We reverse.
Havener was employed by the Florida Keys Aquaduct Authority as a welder/mechanic and maintenance supervisor for approximately nine and a half years. He was an "employee," as defined by section 121.021(10), Florida Statutes (1983). When Havener could no longer physically perform the duties of his position, he applied for disability retirement benefits with the Division. The Division notified him that it had approved regular disability benefits but denied in-line-of-duty benefits, and Havener applied for and was granted an administrative hearing with the State Retirement Commission pursuant to section 121.23, Florida Statutes (1983). The Division's motion to dismiss Havener's petition as untimely filed was denied.
Medical testimony at the hearing revealed that Havener was totally and permanently disabled, primarily because he was afflicted with a degenerative joint disease (arthritis). Havener had been granted regular disability retirement by the Division, and the controlling issue at final hearing was whether an injury or illness arising out of or in the actual performance of duty required by Havener's employment was the substantial producing cause or an aggravating cause of Havener's total and permanent disability. § 121.091(4)(a) and § 121.021(13), Florida Statutes (1983). Such finding is the essential predicate for in-line-of-duty benefits under section 121.021.
On November 22, 1974, Havener twisted his back when struck in the ribs by a pipe wrench thrown from a booster pump. He was hospitalized for two days and treated by Dr. Benavides. Dr. Benavides did not see Havener again until September 26, 1976, when Havener was injured on the job while lifting a steel beam. Havener was hospitalized after that accident for three to five days, examined after a week, and allowed to return to work on light-work status approximately two weeks after the accident. Dr. Benavides testified that the type of accident that occurred in 1976, i.e., one which produced sudden, unexpected stress, was a frequent initiator of back problems. After the 1976 accident, Havener attempted to continue working as before, but could not physically do so. In 1977, Havener again sought medical treatment from Dr. Benavides, who reported that Havener complained of frequent back problems, back pain, and inability to lift anything at all. Havener saw Dr. Benavides in 1977 and 1978, and in 1979, a degenerative disc disease was diagnosed. Benavides opined that there was a causal relationship within a reasonable medical probability between Havener's low-back medical problems and the accident in 1976. Deposition testimony was given by Dr. Davidson, who examined Havener in 1980 and 1982 on behalf of the workers' compensation carrier. Dr. Davidson's diagnosis was severe degenerative joint disease. When asked if he could conclude whether Havener's 1976 injury had anything to do with the permanent loss of function of the cervical spine, Dr. Davidson responded that he was unable to allocate the loss of function between Havener's 1976 injury and the progressive degenerative disease, stating:
It's known that trauma can make a degenerative disease flare up... . On the other hand, we sure can't say this was all trauma because he obviously had a severe progressive degenerative disease going on. It was there before and kept on going and going afterwards too.
The Commission found that Havener's disability resulted from degenerative back conditions that crystalized at some time between his last day on the job and the day of his formal termination of employment; that Havener's degenerative disease became worse from the passage of time alone *233 between 1972 and 1979; and that if Havener's preexisting degenerative back condition was aggravated to any extent by either of his accidents, the aggravation was temporary in nature and he subsequently recovered from any back strain or sprain suffered in these job-related accidents. In short, the Commission found that:
[Havener] would have become totally and permanently disabled... at some time between August 17, 1979, and October 6, 1980, whether or not he suffered said back injuries on either November 22, 1974, or September 26, 1976, or on both said dates... . The petitioner was suffering no residual effects whatsoever from any injury that he may have sustained or suffered in either the accident on November 22, 1974, or on September 26, 1976. (Emphasis added.)
Based on these findings of fact, the final order concluded (1) that Havener failed to establish a prima facie case by a preponderance of competent, substantial evidence that he suffered any injury or illness arising out of and in the actual performance of duty required by his employment which was the substantial producing cause or an aggravating cause of his disability, and (2) that Havener's duties of employment were not the substantial producing cause or an aggravating cause of Havener's total and permanent disability, which was caused by any number of factors not related to Havener's employment.
Havener urges that the Commission erred in denying in-line-of-duty disability benefits because there was no competent, substantial evidence to support the Commission's findings that his disability was not causally related to an injury which occurred in line of duty. The pertinent standard of appellate review in this case is whether the decision of the Commission was based on substantial evidence. We may not substitute our judgment for that of the Commission as to the weight of the evidence on any disputed findings of fact where the decision of the Commission is supported by substantial evidence. § 121.23, Florida Statutes (1983). The test for an in-line-of-duty disability award is whether an injury or illness arises "out of and in the actual performance of duty required by a member's employment." § 121.021(13), Florida Statutes (1983). Section 121.021(13) does not exclude disabilities which arise from the aggravation of a preexisting condition. Tingler v. City of Tampa, 400 So.2d 146 (Fla. 2d DCA 1981).
We believe this case is governed by our decision in Moore v. State of Florida, 368 So.2d 664 (Fla. 1st DCA 1979). In Moore, an applicant for in-line-of-duty benefits suffered a series of accidents, one being work-related, which, superimposed on his existing degenerative arthritis, resulted in total and permanent disability. This court held:
The uncontroverted facts are that appellant, whatever his prior physical condition, was able to, and did, perform his duties prior to the 1976 attack, and thereafter was permanently totally disabled by back injuries which are, as stated by the medical witnesses, related to the 1976 attack. We hold that the appellant proved the `in-line-of-duty' injury he received was the substantial producing cause of his disability.
See also, Bolinger v. Division of Retirement, State Dept. of Administration, 335 So.2d 568 (Fla. 1st DCA 1976).
The evidence is undisputed that after the 1976 accident, Havener was unable to perform the physical activities he had performed prior to that time. The record contains performance evaluation reports made prior to Havener's accident in 1976 that rank Havener's on-the-job performance as outstanding. He had no job limitations on physical activity prior to the work-related injuries. After his injuries, he was on light-duty status and no longer performed heavy lifting. By 1979, Havener's inability to adequately perform the physical requirements of his work was verified by medical testimony, so he was told by his superiors that if he couldn't do the job to stop working. These circumstances are competent evidence that the 1974 and 1976 on-the-job injuries were at least an aggravating cause *234 of his disability. The medical evidence does not dispute the fact of aggravation. The record contains no other competent, substantial evidence to support the Commission's denial of the in-line-of-duty benefits.
We find no merit to the Division's cross-appeal of the order denying its motion to dismiss the in-line-of-duty retirement proceedings before the Commission because of Havener's untimeliness in requesting that hearing. The Commission did not abuse its discretion by extending the time available to Havener in which to file his appeal.
We reverse and remand with directions to award in-line-of-duty benefits retroactively to the date of the original award of regular section 121.091(4) benefits.
SMITH and BARFIELD, JJ., concur.
NOTES
[1] The final order of the State Retirement Commission awarded regular disability retirement benefits pursuant to section 121.091(4), Florida Statutes (1983), but denied his claim for in-line-of-duty disability retirement benefits pursuant to section 121.021(13), Florida Statutes (1983). The Division of Retirement does not question the propriety of the regular disability benefits.