480 So.2d 134 (1985)
Alton M. BLANTON, Appellant,
v.
DIVISION OF RETIREMENT, Appellee.
No. BD-299.
District Court of Appeal of Florida, First District.
December 10, 1985.
Eugene H. Johnson, Ocala, for appellant.
William A. Frieder, Asst. Div. Atty., Tallahassee, for appellee.
ERVIN, Judge.
Blanton appeals from a final order of the State Retirement Commission (Commission), denying his request for in-line-of-duty disability retirement benefits. We reverse and remand with directions.
In 1972, appellant began work as an electrician for the Marion County School Board. On October 15, 1979, he fell from a ladder while removing an old fire alarm at a high school. He suffered a compression fracture of the L-2 lumbar vertebra and four broken ribs, and has been unable to return to work because of problems with standing, walking, climbing and lifting.
By letter dated July 6, 1981, the Division of Retirement (Division) denied appellant's claim for in-line-of-duty disability retirement benefits, but approved regular disability retirement benefits. See Section *135 121.091(4)(d)(1) and (2), Florida Statutes. Upon appellant's petition, an administrative hearing was conducted before the Commission, pursuant to Section 121.23(2), Florida Statutes. Appellant's treating physician, Dr. Martin Freed, testified by deposition that appellant is permanently and totally disabled, a condition caused by a combination of (1) the compression fracture to the L-2 vertebra and the broken ribs; (2) age; and (3) a chronic lung condition. In his opinion, appellant's accident only temporarily affected his chronic lung condition, and the compression fracture and broken ribs, once healed, do not themselves constitute a permanent and total disabling condition. As of appellant's date of maximum medical improvement, the healed fractured vertebra left him with a ten percent permanent, physical impairment.
In the hearing officer's recommended order, it was found that although appellant is totally and permanently disabled, he had failed to prove that his work-related injuries constituted "the substantial producing, or aggravating cause, of his ... disability." After concluding that appellant's total and permanent disability "was caused by any number of factors not related to ... [his] employment", the hearing officer affirmed the Division's decision to deny in-line-of-duty disability retirement benefits. The Commission later adopted and accepted the recommended order.
This court may not "substitute its judgment for that of the commission as to the weight of the evidence on any disputed finding of fact where the decision of the commission was supported by substantial evidence". Section 121.23(4), Florida Statutes. The test for an in-line-of-duty disability award is whether "an injury or illness arising out of and in the actual performance of duty required by a member's employment", section 121.021(13), was the substantial, producing cause or an aggravating cause of a member's total and permanent disability. Havener v. Division of Retirement, 461 So.2d 231, 233 (Fla. 1st DCA 1984). Appellant had the burden of proof at the hearing below. Florida Administrative Code Rule 22J-1.05(4). The parties agree that appellant is permanently and totally disabled, and that the injuries he sustained on October 15, 1979 arose out of and in the actual performance of the duties required by his job.
According to Dr. Freed's testimony, the injuries appellant suffered in his work-related accident did not themselves cause permanent and total disability. That is not a requirement under the test stated above; rather, the work-related injuries need only be the substantial, producing cause or an aggravating cause of such disability. Since appellant's work-related injuries only temporarily aggravated his preexisting lung condition, the question is whether his injuries can be considered the substantial, producing cause of his permanent and total disability. Dr. Freed's medical testimony has established a causal relationship between appellant's work-related injuries and his status as an employee permanently and totally disabled. Moreover, the evidence is undisputed that since his 1979 accident, appellant has been unable to carry out the same or similar physical activities that he had performed prior to that time. There is no evidence that appellant had limitations on his physical activity at work before his 1979 accident. These circumstances, together with Dr. Freed's testimony, constitute substantial evidence that appellant's work-related injuries were the substantial, producing cause of his permanent and total disability. Havener, 461 So.2d at 233-34; Moore v. State of Florida, 368 So.2d 664, 665 (Fla. 1st DCA 1979); see also Bolinger v. Division of Retirement, 335 So.2d 568 (Fla. 1st DCA 1976).
Because the record contains no competent, substantial evidence to support the Commission's denial of in-line-of-duty benefits, we reverse and remand with directions to the Commission to award in-line-of-duty benefits retroactively to the date of the original award of regular retirement benefits.
WENTWORTH and ZEHMER, JJ., concur.