WIGGINTON, Judge.
This is an appeal from the final order of the State Retirement Commission denying petitioner, Paul Andersen, in-line-of-duty disability retirement benefits. The issue is whether the Commission’s order is based on competent and substantial evidence. We hold that it is not and reverse.
Paul Andersen was employed by the state of Florida continuously from September 14,1962, through his last official day of employment on January 3, 1986. The nature of his job during the greatest portion of his employment with the state involved his consulting on veterans’ issues and supervising employment opportunities for veterans in Florida. It is undisputed that his job was highly stressful. In his testimony and written statement, Andersen highlighted two specific events in March 1984 and July 1985 which were especially stressful, both emotionally and physically, with the latter episode in July 1985 being followed by a heart attack and emergency open heart surgery.
The March 1984 episode involved Andersen’s being “dressed down” by his bureau chief following Andersen’s request that a training session be cancelled due to the lack of adequate preparation by another employee. Andersen was berated by his bureau chief and told that “you don’t work for me anymore.” Following this episode, Andersen was forced to go on sick leave for nine days due to high blood pressure. Thereafter he was reassigned from the veterans’ affairs area to the targeted job tax credit program.
After his reassignment, and despite having been forbidden to do anything further with veterans, Andersen continued to receive telephone calls and requests for information and assistance on veterans’ affairs. Indeed, the legislature requested that he travel to Orlando on a veterans’ issue, but his supervisor prohibited it. Over the years, Andersen accumulated personal files which he used extensively as reference materials in dealing with veterans’ issues. However, as the situation escalated in his new job, Andersen resolved in July 1985, in keeping with the directions of his supervisors, to refrain from being involved in veterans’ affairs, that he would have to move his personal files from his office so that he would not have the information available when he received the requests. Andersen testified that this was also at a period of extreme emotional and physical stress and strain as a result of the requirements of his new job coupled with the strain and stress *930 of continuing requests for information on veterans’ issues, which he felt obligated to fulfill but could not do so.
As Andersen was moving three boxes of the materials to his van, he began to experience severe chest pain with numbness in his left arm and nausea. He received emergency medical treatment including an angiogram and stress test, in the midst of which he developed further chest pains leading to emergency surgery and five bypasses.
The genesis of this case is a letter of August 15, 1986, from the state retirement director to Andersen indicating an intent to approve his application for regular disability retirement but denying his application for in-line-of-duty disability retirement benefits. On October 30, 1986, the director gave final approval of the application for disability retirement, but again reiterated the denial of a claim for in-line-of-duty disability benefits. As a result of that latter decision, Andersen filed an application for hearing before the State Retirement Commission and the hearing was held on October 19, 1987.
In addition to Andersen’s testimony, the medical evidence introduced at the hearing was in the form of the deposition of Dr. Jesse Judelle, a board certified internist with a specialty in cardiology, and a Division of Retirement form filled out by Dr. Howard Armstrong, Andersen’s family doctor. It was Dr. Judelle’s opinion that stress contributed to the onset of appellant’s heart attack in July 1985, as well as Andersen’s extensive vascular changes due to diabetes, cigarettes, and other genetic factors. Dr. Judelle later explained that in his professional judgment it was difficult to make an exact connection between ongoing job stress and a heart attack but that if one were able to point to a “triggering effect” as opposed merely to general stress, then he would agree to make a causal connection in Andersen’s case. Dr. Judelle’s opinion on causation was rendered within a reasonable degree of medical probability. Dr. Armstrong indicated on the division form that Andersen’s “travel, long hours, work overload” was the “activity or condition related to the performance of his duties [which] caused or contributed to [Andersen’s] illness.”
Despite the foregoing evidence, the Commission found that Andersen failed to establish that the pattern of stress during his employment was a substantial producing cause or aggravating cause of his total and permanent disability. The Commission concluded that Andersen failed to establish “that any incident or condition of his employment aggravated or was a substantial producing cause of his illnesses,” resulting in his disability.
As correctly observed by the Commission in its final order, “[t]he test for an in-line-of-duty disability award is whether ‘an injury or illness arising out of and in the actual performance of duty required by a member’s employment’, section 121.021(13), was the substantial, producing cause or an aggravating cause of a member’s total and permanent disability.” Blanton v. Division of Retirement, 480 So.2d 134, 135 (Fla. 1st DCA 1985), citing Havener v. Division of Retirement, 461 So.2d 231, 233 (Fla. 1st DCA 1984). Although this Court may not “substitute its judgment for that of the commission as to the weight of the evidence on any disputed finding of fact where the decision of the Commission was supported by substantial evidence,” section 121.23(4), Florida Statutes, we nevertheless hold that in the instant case, the Commission’s order was not supported by substantial evidence. Indeed, the Commission’s findings overlooked Dr. Judelle’s testimony regarding causation. Dr. Judelle initially testified within a reasonable degree of medical probability that the events leading to appellant’s heart attack were job-related and causally related to the heart attack. Although Dr. Judelle subsequently appeared to soften his position, he nonetheless reaffirmed his belief that if there had been a triggering event, one event that was easily distinguishable from a general work history of stress, then he would agree that, within a reasonable degree of medical probability, the event would cause or contribute to the heart attack. It was also *931 clear that the stress events immediately preceding Andersen’s heart attack were completely job-related and were at least an aggravating cause if not a substantial producing cause of his total and permanent disability.[1] Compare Blanton v. Division of Retirement; Moore v. State, 368 So.2d 664 (Fla. 1st DCA 1979).
Accordingly, the Commission’s order denying Andersen in-line-of-duty disability retirement benefits is reversed and the cause is remanded with the direction that in-line-of-duty disability retirement be paid.
WENTWORTH and THOMPSON, JJ., concur.

. We also note that the Commission made an initial error in paragraph 4 of its findings of fact stating that Andersen lifted boxes in March 1984 at which time he suffered a heart attack. That mistake may or may not reflect the Commission’s understanding of the events leading to Andersen’s heart attack.