WENTWORTH, Senior Judge.
This is an appeal from a final order, entered by the State Retirement Commission, denying appellant’s request for in-line-of-duty disability retirement benefits. Appellant contends that the commission erred in finding that his employment as a police officer did not aggravate his heart condition and in denying in-line-of-duty benefits. We find that the record contains no competent substantial evidence to support the Commission’s denial of in-line-of-duty benefits and reverse the order.
The test for an in-line-of-duty disability award is whether an injury or illness, arising out of and in the actual performance of a duty required by a member’s employment, was the substantial producing cause or an aggravating cause of a member’s total and permanent disability. Blanton v. Division of Retirement, 480 So.2d 134, 135 (Fla. 1st DCA 1985). In the present case, the unrefuted medical testimony establishes that appellant’s employment aggravated his coronary disease. Although this court may not substitute its judgment for that of the Commission as to the weight of the evidence on any disputed finding of fact where the decision of the Commission is supported by competent substantial evidence, reversal is appropriate where the Commission has overlooked medical testimony regarding causation or aggravation. Andersen v. Division of Retirement, 538 So.2d 929 (Fla. 1st DCA 1989). Accordingly, the Commission’s order is. reversed and the cause remanded with directions to award appellant in-line-of-duty benefits.
BOOTH and NIMMONS, JJ., concur.