WEBSTER, Judge.
Appellant seeks review of a final order of the State Retirement Commission (Commission) which denied his request for inline-of-duty disability retirement benefits. Appellant argues that the record does not contain substantial competent evidence to support the Commission’s finding that his disability was primarily the result of heart disease, rather than an injury to his cervical spine arising out of and in the actual performance of his job. We agree and, accordingly, reverse.
Appellant had applied for either regular or in-line-of-duty disability retirement benefits. The Division of Retirement (Division) denied the request for in-line-of-duty benefits. However, it granted the request for regular benefits. Appellant timely sought an administrative hearing before the Commission. At the hearing, the Division conceded that appellant sustained an injury to his cervical spine, which arose out of and in the actual performance of his job; and that appellant was totally and permanently disabled. However, it argued that appellant was not entitled to in-line-of-duty disability retirement benefits because appellant’s disability had been caused by heart disease not arising out of or aggravated by his employment, rather than by the injury to his spine. The Commission agreed with the Division, and affirmed the denial of inline-of-duty benefits.
“The test for an in-line-of-duty disability award is whether an injury or illness, arising out of and in the actual performance of a duty required by a member’s employment, was the substantial producing cause or an aggravating cause of a member’s total and permanent disability.” Burd v. Division of Retirement, 581 So.2d 973, 974 (Fla. 1st DCA 1991). In this case, our review of the Commission’s decision is limited to a determination of whether the decision is supported by competent substantial evidence. If it is, we must affirm. We may not substitute our judgment for that of the Commission as to the weight of the evidence. Section 121.23(4), Fla.Stat. (1989). See Havener v. Division of Retirement, 461 So.2d 231 (Fla. 1st DCA 1984). Our thorough review of the record convinces us that the Commission’s decision is not supported by competent substantial evidence.
Before the Commission, the burden of persuasion and the initial burden of going forward both rested on . appellant. Fla.Admin.Code R. 60R-1.0047. See Blanton v. Division of Retirement, 480 So.2d 134 (Fla. 1st DCA 1985). Appellant testified that he had had two surgeries on his spine, the first in March and the second in December 1988. Neither was successful. In between the two surgeries, in June 1988, appellant had a heart attack, which occurred approximately two weeks after he had returned to work following the first spinal surgery. Appellant did not work again after the heart attack. He testified that he was released by the physician treating his heart ailment to return to work, but that he was unable to do so because the physician treating his back injury would not release him. He testified unequivocally that he never fully recovered from his back injury; and that his back injury, rather than his heart ailment, was what prevented him from returning to work.
Appellant also offered the testimony of Dr. Daniel Bontrager, a chiropractor; and Ruth Beck, a rehabilitation nurse. Dr. Bontrager, who had treated appellant since *545 September 1988, testified that, in his opinion, appellant’s back injury, alone, precluded appellant from “rendering useful and efficient service to an employer.” According to Dr. Bontrager, appellant’s back injury precluded him from lifting more than ten pounds; from stooping, bending, twisting or kneeling on a frequent basis; from sitting at a desk; from reaching or using his arms repetitively; or from prolonged driving. Ms. Beck testified that, in her opinion, appellant was permanently and totally disabled, and unemployable. She said that, if appellant suffered only from his heart ailment and not from his back injury, he would be employable.
Finally, appellant offered the two “physicians’ reports” required by section 121.-091(4)(c), Florida Statutes (1989), as a condition precedent to an award of any disability retirement benefits. One had been completed by Dr. Bontrager, who opined that appellant was permanently and totally disabled and entitled to in-line-of-duty benefits because of his back injury. The other had been completed by Dr. Michael Stokes, an internist who had treated appellant for his heart attack. Although Dr. Stokes opined that appellant had “marked limitation[s]” because of his heart disease, he also opined that appellant was permanently and totally disabled “due primarily to” his back injury and, therefore, entitled to in-line-of-duty benefits.
The Division offered no medical opinion that appellant was not permanently and totally disabled due primarily to his on-the-job back injury. Instead, it argued that the medical evidence presented by appellant established that appellant’s back injury had resulted in only a 10-percent permanent impairment of the whole body; therefore, appellant’s disability must be due primarily to something else — his heart disease.
Presumably, the Commission accepted the Division’s argument. One of the Commission’s conclusions of law reads, in relevant part, as follows:
While Bontrager, [appellant’s] chiropractor, suggested [appellant] suffered a disability resulting from his work-related back injury, he held [sic] that [appellant’s] back injury resulted in only a 10% impairment [emphasis added] rating based on the American Medical Association (AMA) guidelines. Because [appellant] has only a 10% disability [emphasis added] from his back injury, and eligibility for disability retirement benefits requires total and permanent disability, there must be other factors resulting in [appellant’s] eligibility for regular disability benefits, namely, his heart attack.
However, as appellant correctly points out, such an analysis evidences a fundamental lack of comprehension regarding the differences between the terms “impairment” and “disability,” as those terms are used in the Guides to the Evaluation of Permanent Impairment (rev. 3d ed. 1990) published by the American Medical Association.
The Guides explains the differences between its use of the terms “impairment” and “disability” as follows:
The accurate and proper use of medical information to assess impairment depends on the recognition that, whereas impairment is a medical matter, disability arises out of the interaction between impairment and external demands, especially those of an individual’s occupation. As used in the Guides, “impairment” means an alteration of an individual’s health status that is assessed by medical means; “disability,” which is assessed by nonmedical means, is an alteration of an individual’s capacity to meet personal, social, or occupational demands or statutory or regulatory requirements. Stated another way, “impairment” is what is wrong with a body part or organ system and its functioning; “disability” is the gap between what the individual can do and what the individual needs or wants to do.
Id. at 1 (emphasis in original). Considered in light of this explanation of the different meanings of the terms “impairment” and “disability,” it becomes apparent that there is no necessary inconsistency in this case between Dr. Bontrager’s opinion that appellant had sustained a 10-percent permanent impairment of the whole body as a result of the back injury; and his opinion *546 that, as a result of the back injury, appellant was incapable of performing any employment for which he might otherwise be qualified and was, therefore, permanently and totally disabled.
There is no evidence in the record to support the Commission’s finding that appellant’s permanent and total disability is attributable primarily to his heart disease. On the contrary, the evidence overwhelming supports the conclusion that appellant’s disability is attributable primarily to the back injury which he sustained while on the job. Accordingly, we reverse and remand with directions that the Commission award in-line-of-duty benefits retroactively to the date of the original award of regular disability benefits. See, e.g., Blanton v. Division of Retirement, 480 So.2d 134 (Fla. 1st DCA 1985); Havener v. Division of Retirement, 461 So.2d 231 (Fla. 1st DCA 1984).
REVERSED and REMANDED, with directions.
SMITH and KAHN, JJ., concur.