BOOTH, Judge.
This cause is before us on appeal from a final order of the State Retirement Commission (the Commission). The issue is whether the Commission erred in denying appellant’s claim for in-line-of-duty disability retirement benefits under chapter 121, Florida Statutes.
The uncontroverted medical evidence was that appellant had myriad symptoms, includ *262 ing debilitating headaches, which prevented him from working in any of his preinjury occupations. In rendering its decision, the Commission found as follows:
This denial must be based on the simple fact that out of the myriad of physicians who treated or examined Nickols, not one said he was — by any definition — totally and permanently disabled, unable to render useful and efficient service as an employee.
Thus, the Commission has read section 121.23(2)(a), Florida Statutes, as requiring appellant to present an expert medical opinion expressly stating that he meets the statutory standard for total and permanent disability benefits. This view impermissibly limits the evidence which may be presented to and considered by the Commission. It has imposed upon appellant an incorrect standard of proof. We therefore reverse.
An employee is entitled to total and permanent disability retirement benefits under section 121.091(4)(b), Florida Statutes, if he is prevented by reason of a medically determinable physical or mental impairment, from rendering useful and efficient service as an officer or employee.
An employee seeking such benefits must first make application to the administrator of the State Retirement System. The administrator’s discretion to award benefits is strictly limited by section 121.091(4)(c), which provides:
The administrator, before approving payment of any disability retirement benefit, shall require proof that the member is totally and permanently disabled as provided herein, which proof shall include the certification of the member’s total and permanent disability by two licensed physicians of the state and such other evidence of disability as the administrator may require, including reports from vocational rehabilitation, evaluation, or testing specialists who have evaluated the applicant for employment.
An employee who is unsuccessful before the administrator, however, has the right to de novo determination before the Commission of eligibility for total and permanent disability benefits under section 121.23, Florida Statutes.
The Commission’s determination of eligibility for such benefits is controlled by section 121.23(2)(a), Florida Statutes, which provides in pertinent part:
The commission may order any action that it deems appropriate. In cases involving disability retirement, the State Retirement Commission shall require the member to present competent medical evidence and may require vocational evidence before awarding disability retirement benefits.
Thus, an employee seeking total and permanent disability benefits before the Commission is required to present competent medical evidence of a “medically determinable physical or mental impairment” and, if required by the Commission, vocational evidence, from which the Commission may conclude that he is unable to render useful and efficient service as an officer or employee. There is no requirement, however, that an employee present to the Commission a physician’s certificate of his total and permanent disability.[1]
*263 Chapter 121 creates a two-tiered process for obtaining total and permanent disability retirement benefits. At the first level, the administrator is authorized to make an award of disability retirement benefits based on the written material submitted with the application for retirement without going to an evidentiary hearing, provided the proof requirements in section 121.091(4)(c) are met. Those requirements include “certification of the member’s total and permanent disability by two licensed physicians of the state.” To comply with this provision, these physicians must state that the employee “is prevented, by reason of a medically determinable physical or mental impairment, from rendering useful and efficient service as an officer or employee.” In many situations, such as paraplegia, confinement to bed or home by reason of a permanent injury, etc., a physician can easily so certify because the individual cannot even care for himself, much less render “useful and efficient service.” In such situations, the extent of disability is obvious and undisputed, so the matter can be concluded by the administrator without ever having to go to the Commission.
On the other hand, there are many instances when the employee has sustained “a medically determinable physical or mental impairment” that may affect the employee’s ability to render “useful and efficient service” but the extent to which the employee’s ability is affected is disputed. Physicians, in these circumstances, while medically qualified to determine “physical or mental impairment,” rarely if ever are professionally qualified to determine whether such “impairment” prevents “useful and efficient service” to the state. Thus, while the administrator may be required under the statutory scheme to deny disability retirement because that determination is beyond the administrator’s statutory authority in the absence of two certificates from physicians having been filed, the statutory scheme provides for an evidentiary hearing at the Commission level to review and determine the disputed issues of fact concerning the extent to which the medically-determined impairments affect the ability to work.
It is for this reason that section 121.-23(2)(a) does not contain the same language as that found in section 121.091(4)(c) about certificates of total and permanent disability from two physicians. Instead, the Commission is statutorily charged with deciding disputed issues of fact based on evidence adduced at a hearing that should include medical testimony of physical or mental impairment and vocational testimony on the extent that such impairment affects the employee’s ability to render “useful and efficient service” to the state.[2] To be able to express such opinions, the vocational expert must be fully qualified as an expert in assessing disability to function in the relevant positions available with the state, matters on which few if any physicians are qualified to give opinions. Hence, the statutory scheme provides much more latitude to the Commission in making this determination than it does to the administrator.
Because the issue is of great public importance, we certify the following issue to the Supreme Court as one of great public importance:
WHERE A CLAIMANT SEEKS TOTAL AND PERMANENT DISABILITY BENEFITS IN A PROCEEDING UNDER SECTION 121.23, FLORIDA STATUTES, WHAT MEDICAL EVIDENCE IS THE CLAIMANT REQUIRED TO PRESENT BEFORE THE STATE RETIREMENT COMMISSION?
The Commission, upon review of the evidence, may require the Petitioner to submit vocational evidence when necessary to determine whether the member is able to render useful and efficient service as an officer or employee, before awarding or denying disability benefits.
*264 Finally, although we reverse the final order, we do so only on the ground that the final order appears based in part on an erroneous holding that appellant was required to present a medical opinion that he was unable to render useful and efficient service within the State Retirement System. We do not mean to suggest, however, that on remand the Commission is not entitled to reject the appellant’s evidence, as long as the reasons for rejecting such evidence are supported by the record and consistent with logic and reason. Also, the Commission may, in its discretion, take or require additional evidence. The order appealed from is reversed, and this cause is remanded for proceedings consistent herewith.
ERVIN, J., concurs.
WEBSTER, J., dissents with written opinion.

. Section 121.23(2)(a), Florida Statutes, formerly provided in pertinent part that "[t]he commission may order any action that it deems appropriate.” In Kennedy v. Wiggins, 368 So.2d 454 (Fla. 1st DCA 1979), this court held that an employee was not required to present medical evidence to the Commission in order to meet his burden of proof when seeking total and permanent disability benefits. The statute was amended by chapter 90-274, section 17, Laws of Florida, to impose the present requirement that an employee present competent medical evidence. The amendment was intended to overrule this court’s decision in Kennedy to the extent that decision may be read as not requiring the employee to present medical evidence to the Commission. The amendment cannot be read, however, as imposing a requirement that an employee seeking total and permanent disability benefits before the Commission present a medical opinion expressed in terms of the statutory standard for such benefits. Stated another way, "competent medical evidence” of a medically-determinable physical or mental impairment and "certification of ... total and permanent disability by two licensed physicians” are not synonymous. The Legislature could have imposed identical standards of proof, but it did not do so. The current version of section 121.23(2)(a), Florida Statutes, is clear on its face that the Commission *263 continues to enjoy broader discretion than the administrator.

. The Legislature, by providing in the amended version of section 121.23(2)(a), Florida Statutes, that the Commission may require vocational evidence, and the Commission, by its enactment of Florida Administrative Code Rule 60R-1.003(4), has recognized that in the absence of medical evidence that an employee is completely unable to work, vocational evidence may be necessary to determine whether the employee is eligible for total and permanent disability benefits under chapter 121. Rule 60R-1.003(4) provides in pertinent part: