KAHN, Judge.
Appellant Kirby Center of Spring Hill appeals from an order of the Department of Labor & Employment Security, Division of Unemployment Compensation [Division]. The order finds that Kirby’s telephone solicitors must be classified as employees for unemployment compensation purposes. Kirby contends that the telephone solicitors are direct sellers under section 443.036(19)(n)21, Florida Statutes (1990), which defines “direct seller” as a person:
a. (I) Who is engaged in the trade or business of selling or soliciting the sale of consumer products to buyers on a buy-sell basis or a deposit-commission basis, or on any similar basis, for resale in the home or in any other place that is not a permanent retail establishment; or
(II) Who is engaged in the trade or business of selling or soliciting the sale of consumer products in the home or in any other place that is not a permanent retail establishment;
b. Substantially all of whose remunerations for services described in sub-subpar-agraph a., whether or not paid in cash, is directly related to sales or other output, rather than to the number of hours worked; and
*1062 c. Who performs such services pursuant to a written contract with the person for whom the services are performed, which contract provides that the person will not be treated as an employee with respect to such services for federal tax purposes.
Under this statute, service performed by a direct seller is excluded from employment, for purposes of unemployment taxes (“contributions”) due “with respect to wages paid ... for employment.” § 443.131(1), Fla.Stat. (1990).
The Division rejected the argument that Kirby’s telephone solicitors were direct sellers because they did not actually sell a product as required (according to the Division) by section 443.036(19)(n)21.a. We reverse the Division’s order because applicable rules of statutory construction are at odds with the Division’s preferred interpretation.
The construction of the phrase “soliciting the sale” in section 443.036(19)(n)21.a. is an issue of first impression. Where there is a disputed term in a statute, the court must look to the plain meaning of the term and the underlying purpose of the statute. Cleveland Institute of Electronics, Inc. v. United States, 787 F.Supp. 741, 743-744 (N.D.Ohio 1992) (construing the phrase “direct seller” with reference to the Congressional intent to reduce the number of controversies regarding employment tax status and to improve tax compliance). When the words of a statute are plain and unambiguous the court must give them their plain meaning. Vocelle v. Knight Bros. Paper Co., 118 So.2d 664, 667 (Fla. 1st DCA 1960). The legislative intent should be determined if possible from the language of the statute. If the language is clear and not entirely unreasonable or illogical in its operation, the court has no power to go outside the statute to give a different meaning to the statute. Id. A statute should be construed so as to give effect to every word and phrase in it so as to avoid the necessity of going outside the statute for aids to construction. Id.
Giving the phrase “soliciting the sale of consumer products” its plain meaning, Kirby’s telephone solicitors should be classified as “direct sellers.” Although the owner, the telephone supervisor and a telephone solicitor all testified that they only solicited appointments for customers to meet with salespeople and did not solicit sales, they also testified that there could be no sales without the telephone solicitation. According to the dealer contract, sales could only be made after in-home demonstrations. Therefore making appointments to set up in-home demonstrations was an essential part of the sale. By soliciting appointments for the salespeople, the telephone solicitors were in effect soliciting sales. Based on the plain meaning of the phrase “soliciting the sale,” Kirby’s telephone solicitors were “direct sellers.”
The statutory definitions of “commercial telephone solicitation” and “solicit” in section 501.603(l)(a) and (11) support appellant’s position regarding the plain meaning of the statute. The terms are defined as meaning to initiate contact for the purpose of inducing a person to purchase or invest in consumer goods or services where the purchaser has expressed, no previous interest in purchasing or obtaining information about the goods or services attempting to be sold.
Were we to look beyond plain meaning, we would find the legislative intent and history also comport with Kirby’s position that its telephone solicitors are “direct sellers.” Section 443.036(19)(n)21 is modeled after 26 U.S.C. § 3508 (Internal Revenue Code, § 3508). When a Florida statute or rule is modeled after a federal law on the same subject, the Florida statute or rule will take on the same construction as its federal counterpart insofar as such construction is harmonious with the spirit and policy of Florida law. Brand v. Florida Power Corp., 633 So.2d 504, 509 (Fla. 1st DCA 1994). The staff analyses of the Florida House and Senate bills regarding “direct sellers” suggest that the state provision was to be harmonious with federal law. See Nichols v. Div. of Retirement, 637 So.2d 261 (Fla. 1st DCA 1994) (staff analyses are generally accorded significant respect in determining legislative intent). Therefore, the construction given to the federal provision is an appropriate guide to application of the Florida provision.
Our review of pertinent sources persuades us that the federal provision for “direct sell *1063 er” has been construed to include “individuals who attempt to increase direct sales of direct sellers (e.g., a marketing consultant whose remuneration is directly related to the sales of the direct seller.)” 41st Annual N.Y.U. Institute on Federal Taxation § 51E.04.; see also IRS publication 911 (“You are engaged in the trade or business of selling or soliciting if you attempt to increase the sales of direct sellers who work under you and your pay depends on how much they sell. Recruiting, motivating, and training are examples of attempts to increase sales activities.”); 2 U.S. Code Congressional and Administrative News 1421 (1982) (Joint Congressional Committee Conference Report at page 651 states that “[i]n defining direct sellers, the bill’s reference to individuals engaged in the trade or business of selling or soliciting the sale of consumer products includes the activities of individuals who attempt to increase direct sales activities of their direct sellers and who realize remuneration dependent on the productivity of those direct sellers. These activities include providing motivation or encouragement, imparting skills, knowledge, or experience, or recruiting activities.”). The notice of proposed rulemaking to implement section 3508 Internal Revenue Code published by the Federal Register for January 7,1986 and used by the Internal Revenue Service as the interpretive guideline for applying section 3508 likewise states that the services performed by a direct seller include “activities that are necessary to increase the sales efforts of other individuals, such as providing motivation, encouragement, training, recruitment or counseling.” Kirby’s telephone solicitors are clearly performing services that are necessary to increase the sales efforts of other direct sellers. The testimony below established that without telephone solicitations for home demonstration appointments, Kirby could make no sales.
Appellee argues that the court should defer to the agency’s interpretation of the statute; however, a reviewing court will defer to an agency’s interpretation only if that interpretation is consistent with the legislative intent and supported by competent substantial evidence. Public Employees Relations Comm’n v. Dade County Police Benevolent Ass’n, 467 So.2d 987, 989 (Fla.1985). Here, the Division’s interpretation is not consistent with the statute’s plain language or legislative intent and is not supported by competent substantial evidence.
REVERSED.
BARFIELD and ALLEN, JJ., concur.