PER CURIAM.
Appellant Dorothy J. Westbrook appeals from a final order of the State Retirement Commission denying her request for in-line-of-duty disability retirement benefits. We reverse and remand with directions.
The test for an in-line-of-duty disability award is whether an injury or illness, arising out of and in the actual performance of a duty required by a member’s employment, was the substantial producing cause or an aggravating cause of a member’s total and permanent disability. Blanton v. Division of Retirement, 480 So.2d 134, 135 (Fla. 1st DCA 1985).
In this case, appellant, a school custodian, had preexisting rheumatoid arthritis and epi-condylitis. In 1993, while in the course of her employment, she was attacked and karate kicked by a student. Based on the testimony of Dr. Schueler, the Commission found that 50% of appellant’s elbow impairment was preexisting and 50% “was aggravated by the kick.” The Commission noted, however, that Dr. Schueler “did not attribute the 1993 karate kick as the major cause of Mrs. Westbrook’s right elbow difficulty.” The Commission found entitlement to total permanent disability retirement, but denied in-line-of-duty benefits.
In the order under review, the Commission apparently focused solely upon whether the kick to claimant’s elbow was the major cause of her total and permanent disability, and thus failed to analyze the issue of whether the kick was an “aggravating cause”. Blan-ton. In its factual findings, however, the Commission recognized the testimony of claimant’s treating physician, Dr. Schueler that established both a work-related aggravation of a preexisting condition and a causal relationship between claimant’s work-related injuries and her status as a totally and permanently disabled employee. The conclusions of law inexplicably ignore the findings of fact and deny in-line-of-duty benefits with no explanation. Because the evidence accepted by the Commission cannot support the denial of in-line-of-duty benefits, we reverse and remand with directions to the Commission to award the same. Id.
BARFIELD, C.J., and ERVIN and KAHN, JJ., concur.