GRIFFIN, J.
Bessie Pender [“Pender”] appeals an order of the State Retirement Commission [“Commission”] denying her application for in-line-of-duty disability benefits. Our review of the record shows the Commission’s decision is supported by substantial competent evidence and is not subject to reversal. Hartley v. Department of Management Services, Div. of Retirement, 711 So.2d 1380, 1381 (Fla. 5th DCA 1998); Pridgeon v. State, Division of Retirement, 662 So.2d 1028, 1029 (Fla. 1st DCA 1995); Glisson v. State, Dept. of Management, Division of Retirement, 621 So.2d 543, 544 (Fla. 1st DCA 1993); § 121.23(4), Fla. Stat. (1997). Although Pender herself testified as to her disability, the Commission, as the trier of fact, was entitled to reject her testimony. Viele v. Division of Retirement, 642 So.2d 1124 (Fla. 1st DCA 1994), review denied, 651 So.2d 1197 (Fla.1995); Andrews v. Division of Retirement, 508 So.2d 477, 480 (Fla. 1st DCA 1987). This court may not reweigh the evidence ■ on a disputed finding of fact. Glisson, 621 So.2d at 544; Andrews, 508 at 480; Havener v. Division of Retirement, 461 So.2d 231, 233 (Fla. 1st DCA 1984); § 121.23(4), Fla. Stat. (1997).
Mrs. Pender also complains that she was deprived of a fair hearing based on the conduct of one of the commissioners, Cliff B. Gosney. Commissioner Gos-ney’s conduct at Pender’s hearing, although unprofessional and rude, was not so egregious or gratuitous as to suggest the failure to afford her a fair hearing under the facts presented. Drew v. Insurance Comm’r and Treasurer, 330 So.2d 794 (Fla. 1st DCA 1976); § 121.23, Fla. Stat. (1997).
AFFIRMED.
W. SHARP and GOSHORN, JJ„ concur.