VAN NORTWICK, J.
Lawrence Carver appeals a final order of the State Retirement Commission sustaining the decision of the State Retirement Director, which denied Carver disability retirement benefits. Carver contends that the Commission applied an incorrect legal standard in denying his claim on the ground that there was no medical evidence that he was permanently totally disabled. We agree. In requiring Carver to supply medical evidence that he is permanently totally disabled, the Commission applied a legal standard which is contrary to this court’s interpretation of section 121.23(2)(a), Florida Statutes, in Nichols v. Division of Retirement, 637 So.2d 261, 262 (Fla. 1st DCA 1994). Accordingly, we reverse and remand for further proceedings.
Carver, who was 45 years old at the time of the hearing below, worked for the Baker County School Board as an outdoor maintenance, gardening and landscape person using heavy equipment and performing physical labor. While hitching a trailer to a truck on. December 16, 1998, Carver injured his back. He sought medical treatment and continued to work until October 15, 1999, when his back pain required him to stop working. Ultimately, Carver was treated by an orthopedic surgeon, who performed a laminectomy and fusion surgery on Carver in January 2000. Carver reached maximum medical improvement in May 2001, and the doctor gave him a 12 percent permanent impairment rating. The doctor limited Carver to light work with occasional lifting of no more than 20 pounds and suggested he avoid prolonged periods of standing or sitting. Carver’s family practice physician opined that Carver’s back problems limited him to sedentary work and lifting of no more than 10 pounds. Because the employer could not accommodate his limitations, Carver lost his job.
At the request of the Department of Education, Vocational Rehabilitation Services, in September 2001 Carver was referred to Jerry Alpert, a vocational rehabilitation counselor, for a vocational evaluation. The record reflects that Mr. Alpert is a certified licensed mental health counselor, vocational rehabilitation counselor, disability management specialist, certified pain management specialist, and certified case manager, who has provided expert opinion in many courts and has never been disqualified as an expert in the field of vocational testing, training and rehabilitation. According to Mr. Alpert, based on Carver’s medical condition, his test scores, his transfer skills and the labor market, Carver is vocationally permanently totally disabled. Mr. Alpert opined that there was no job utilizing the definition of useful and efficient service in the controlling statutes which Carver could perform within the State of Florida employment system. He acknowledged that Carver might be able to perform sheltered employment under a benevolent employer, but he opined that sheltered employment is not useful and efficient service.
Carver applied for disability retirement benefits. Because Carver did not submit medical evidence that he was totally and permanently disabled as required by sec *1205 tion 121.091(4)(c), Florida Statutes,[1] the State Retirement Director denied his application for both regular and in-line-of-duty disability retirement benefits.
Carver requested a hearing before the State Retirement Commission. At the final hearing, claimant testified that he would like to work and that he has looked for work, but he cannot find a job. He takes medicine for his arthritis, a painkiller, and also a muscle relaxer, which makes him very sleepy. According to Carver’s testimony, he hurts from the time he wakes up until the time he goes to bed. On a good day, he can get up, but on a bad day, he can’t even get out of bed. He has a constant limp and cannot walk a city block without stopping four times. Carver’s mother and sister buy his groceries, clean his house and drive him where he needs to go.
Mr. Alpert’s deposition was submitted to the Commission for consideration.[2] The Commission voted 2 to 1 to uphold the decision of the State Retirement Director. In rejecting Carver’s disability, the Commission stated in pertinent part:
14. [Carver’s orthopedic surgeon] admits that Mr. Carver could not return to a heavy physical labor job or operate heavy equipment. He limited Petitioner to light work with occasional lifting of no more than twenty pounds and suggested he avoid prolonged periods of standing or sitting. However, [the surgeon] did not find Mr. Carver to be totally and permanently disabled. Instead he merely gave him a 12 percent impairment rating based on the laminectomy. 15. Because the medical evidence establishes Mr. Carver is capable of light duty or sedentary work, he has not established that he is medically totally and permanently disabled. Therefore the evidence does not rise to a sufficient level to overturn the state retirement director’s denial of the claim for total and permanent in line of duty benefits.
In order to prevail before the State Retirement Director, section 121.091(4)(b), Florida Statutes (1997), requires the claimant to demonstrate with medical evidence that he is permanently totally disabled from rendering useful and efficient service as an employee. An employee who is unsuccessful before the Director, however, is entitled to a de novo review before the State Retirement Commission. Before the Commission, section 121.23(2)(a), provides, in pertinent part, that:
In cases involving disability retirement, the State Retirement Commission shall require the member to present competent medical evidence and may require vocational evidence before awarding disability retirement benefits.
Construing section 121.23(2)(a),[3] in Nichols this court held that this provision does *1206 not require the claimant to present a physician’s certificate or opinion that he or she is totally and permanently disabled to prevail before the Commission. Nickols, 687 So.2d at 262-68. While the statute does require medical evidence of the impairment, the Nickols court explained that the Commission has broader discretion than the Director and may determine whether an applicant is permanently totally disabled based upon medical testimony, vocational testimony, and any other pertinent evidence before it. Id.
Appellee argues that the Nickols case is not controlling, relying instead upon its own rule 60 R-1.00481, Florida Administrative Code. Subsection (1) of that rule provides that “[c]ompetent medical evidence of total and permanent disability is required for a determination of disability retirement eligibility.” This rule was implemented in 1993, however, before this court’s 1994 decision in Nickols which expressly held that section 121.23(2)(a) does not require an opinion of a physician certifying total and permanent disability before an employee may qualify for disability benefits. Nickols, 637 So.2d at 262-63. Because rule 60R-1.00481(1) conflicts with the meaning of the statute recognized by this court in Nickols, this court is not required to give that rule force and effect. Willette v. Air Products, 700 So.2d 397, 399 (Fla. 1st DCA 1997)(recognizing the proposition that an administrative rule is presumptively valid until invalidated in a section 120.56 rule challenge, but expressly holding that such proposition “must give way in judicial proceedings to any contradictory statute that applies.”). See also Cortes v. State Board of Regents, 655 So.2d 132, 136 (Fla. 1st DCA 1995)(explain-ing that the legislature may authorize administrative agencies to interpret, but never to alter statutes).
In addition, we agree with Carver that the Commission misunderstands the difference between an impairment rating and disability. In the order on appeal, the Commission concluded that Mr. Carver was not entitled to recover, reasoning that because his orthopedic surgeon gave him a 12 percent impairment rating, the surgeon did not find Carver to be totally and permanently disabled. In Glisson v. State Department of Management Services, Division of Retirement, 621 So.2d 543 (Fla. 1st DCA 1993), this court rejected the agency’s ruling that a disability retirement claimant could not have a total and permanent disability where the medical evidence showed that he had sustained a 10 percent permanent impairment. The Glisson panel explained the differences between the terms “impairment” and “disability,” as follows:
The accurate and proper use of medical information to assess impairment depends on the recognition that, whereas impairment is a medical matter, disability arises out of the interaction between impairment and external demands, especially those of an individual’s occupation. As used in the Guides, “impairment” means an alteration of an individual’s health status that is assessed by medical means; “disability,” which is assessed by nonmedical means, is an alternation of an individual’s capacity to meet personal, social, or occupational demands or statutory or regulatory requirements. Stated another way, “impairment” is what is wrong with a body part or organ system and its functioning; “disability” is the gap between what the individual *1207 can do and what the individual needs or wants to do.
Id. at 545 (emphasis theirs; quoting the Guides to the Evaluation of Permanent Impairment at 1 (rev.3d ed.1990)). Thus, while the determination of impairment is a medical matter, the determination of disability is not solely a medical issue, but involves using non-medical evidence as well.
For these reasons, we are compelled to reverse the final order of the Commission “on the ground that the final order appears based in part on an erroneous holding that appellant was required to present a medical opinion that he was unable to render useful and efficient service within the State Retirement System.” Nichols, 637 So.2d at 264. We certify the same issue of great public importance certified in Nichols, id. at 263:
WHERE A CLAIMANT SEEKS TOTAL AND PERMANENT DISABILITY BENEFITS IN A PROCEEDING UNDER SECTION 121.23, FLORIDA STATUTES, WHAT MEDICAL EVIDENCE IS THE CLAIMANT REQUIRED TO PRESENT BEFORE THE STATE RETIREMENT COMMISSION?
REVERSED and REMANDED for further proceedings.
LEWIS and HAWKES, JJ., concur.

. Section 121.091(4)(c), Florida Statutes (1997), requires an applicant to supply the Director with “the certification of the member's total and permanent disability by two licensed physicians of the state.”

. On appeal, the Division asserts that it never accepted Mr. Alpert as an expert and argues that his opinion is insufficient. However, because the Division failed to lodge any objection either in the deposition or at the hearing when the deposition was entered into evidence, it may not raise this issue now. Above All Drywall v. Shearer, 651 So.2d 195, 196 (Fla. 1st DCA 1995)(ruling that because the employer/servicing agent made no objection to, or moved to strike the expert testimony for lack of competency, the error was not properly preserved for appellate review).

.The 1997 version of section 121.23(2)(a) is different in some respects from the 1991 version interpreted in Nichols. Nevertheless, the 1991 statute which the Nichols court construed and the 1997 statute applicable to Mr. Carver's case contain the same pertinent lan *1206 guage that the Commission "shall require the member to present competent medical evidence and may require vocational evidence before rewarding disability retirement benefits.”